473 P.2d 480

**Stanley G. PETERS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Pacific Fruit Express Company, Respondent Employer,**

**Pacific Fruit Express Company, Respondent Carrier.**

**No. I CA–IC 377.**

Court of Appeals of Arizona, Division 1, Department A.

July 22, 1970.

Rehearing Denied Sept. 29, 1970.

Review Denied Nov. 17, 1970.

Lawrence Ollason, Tucson, and Edgar M. DeLaney, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

Bilby, Thompson, Shoenhair & Warnock, by T. Scott Higgins, Tucson, for respondent employer and respondent carrier.

STEVENS, Judge

This case is before the Court by writ of certiorari brought by the injured employee, petitioner, to review the lawfulness of an award and findings of The Industrial Commission issued 7 November 1969 finding that petitioner did not sustain an accident arising out of and in the course of his employment within the meaning of the Workmen's Compensation Act.[1]

The petitioner was 61 years of age when he suffered an accidental injury on the premises of his employer, respondent. He is and has been in the respondent's employ for over thirty years. The accident occurred at 6:48 A.M., twelve minutes before his 7:00 A.M. starting time. He went to

---

1. This case was decided under the law as it existed prior to 1 January 1969.

step up into the "clock shed" to punch the time clock, when he stubbed his toe and fell on the concrete. The clock shed is in the employer's fence-enclosed yard.

The petitioner was examined and treated by Dr. Hastings, an orthopedic surgeon, on the day of the accidental injury. The injury was diagnosed as follows, "bruise on left elbow, muscle strain, old fracture of left elbow, frozen elbow, new fracture of the medial condyle, left."

The case was accepted for accident benefits on 23 October 1967, and closed on the same date since the petitioner had supposedly been discharged by Dr. Hastings.

Petitioner filed a protest and a petition for hearing on 10 November 1967, alleging that he had not been released by his doctor, but was still being treated.

Petitioner was seen in consultation on 29 July 1968, by Doctors Tanz, Toll, and Redekop, all orthopedic surgeons. The Consultation Board found that the applicant had suffered a 50% permanent partial impairment of the left arm. The Commission issued a scheduled award granting the petitioner permanent compensation for a twenty-five-month period in accordance with the Board's report.

The respondent employer filed a petition for rehearing, the hearing was held, and the Commission reversed itself and denied compensation.

The question presented to the Court is whether the petitioner suffered an accident arising out of and in the course of his employment with the respondent employer within the meaning of the Workmen's Compensation Act.

It is the opinion of this Court that he did.

Mr. Ferron, Superintendent of Safety at the employer's plant, testified that the petitioner was on the 7:00 A.M. to 3:00 P.M. shift, that he was required to punch in earlier than seven o'clock in the morning so that he could be at his job (some distance from the shed containing the time clock) exactly at seven o'clock. He testified that it was usual for all employees to

punch in earlier than 7:00 A.M., and that if they failed to do so they were suspected of not being on the job at 7:00 A.M. This was corroborated by Ralph Householder, a supervisor, and James Davis, a supervisor for the supervisors.

The petitioner testified that on the day of the accident he punched his card approximately twelve minutes before 7:00 A. M. As has been stated, the accident occurred in the clock house when petitioner stumbled and fell. The petitioner testified that the men were required to be at their jobsite at precisely 7:00 A.M. He testified that the employer had a whistle that sounded five minutes before seven o'clock, which was a signal for the men to leave the locker room or wherever they were and proceed immediately to their jobsite. The petitioner testified that it was his custom to proceed with his time card from the clock shed to the locker room to pick up a cap which he wore on the job, to the mill where he deposited his time card in a rack, and then to his jobsite. The total distance that the petitioner had to walk upon premises under the exclusive control of the employer in order to accomplish his necessary pre-work tasks was approximately a third of a mile.

In addition to Mr. Householder's testimony, a notice was introduced in evidence that had been posted on the jobsite by him, stating as follows: "Fellows—*all* be on the job when the seven o'clock whistle blows. RDH"

The petitioner was engaged in conduct reasonably directed toward the fulfillment of his employer's requirements, performed for the benefit and advantage of the employer at the time of the accident. An employee is covered by a workmen's compensation act if he is injured by accident arising out of and in the course of employment. A.R.S. § 23–1021. These elements have been defined by the Supreme Court in McCampbell v. Benevolent & Protective Order of Elks No. 536, 71 Ariz. 244, 226 P.2d 147 (1950), and reiterated in City of Phoenix v. Industrial Commission of Ari-

zona, 104 Ariz. 120, 449 P.2d 291 (1969), and that definition will not be reiterated here. Recovery was denied in McCampbell and City of Phoenix. The facts in the instant case are clearly distinguishable from these cases and fall within the rule relative to compensation coverage.

It is the opinion of the Court that the petitioner's accident arose out of and in the course of his employment.

The award of the Commission is set aside.

DONOFRIO, P. J., and CAMERON, J., concurring.