476 P.2d 901

Barbara Jean PEARCE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Hughes Aircraft Company, Respondent Employer,

Argonaut Insurance Company, Respondent Carrier.

No. 1 CA-IC 435.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 25, 1970.

Rehearing Denied Dec. 18, 1970.

Review Denied Feb. 9, 1971.

Ira Schneier, Tucson, for petitioner.

Robertson & Fickett, by Leonard Everett, Tucson, for respondents Hughes Aircraft Co. and Argonaut Ins. Co.

Donald L. Cross, Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

HAIRE, Judge.

This case is before the Court by writ of certiorari to review the lawfulness of the action of the Industrial Commission affirming the award of the hearing officer issued January 27, 1970, finding that petitioner's claim was non-compensable.

Petitioner was an employee of the respondent-employer Hughes Aircraft Company on the date of the accident. She had presented her identification card to the plant guard, and was proceeding, inside the respondent's building, to the time clock to punch her time card. · She opened her purse to return her identification card to it,

dropped a penny which rolled under an electrical box, and was in the process of picking it up when she hit her head on the electrical box with such severity as to cause a concussion. The accident occurred at approximately 7:20 a. m. Petitioner's shift began at 7:30 a. m. The testimony indicates that petitioner was required to punch her time card between 7:15 a. m. and before commencing work.

It is the opinion of the Court that the fact situation in this case closely parallels that which was before the Court in Peters v. Industrial Commission, 12 Ariz.App. 555, 473 P.2d 480 (1970), review denied November 11, 1970. See, also, Royall v. Industrial Commission, 106 Ariz. 346, 476 P.2d 156 (filed October 23, 1970). The principles enunciated in these cases require a finding that the petitioner's injury by accident arose out of and in the course of her employment.

The award is set aside.

EUBANK, P. J., and JACOBSON, J., concur.