239 So.2d 685 (1970)
Robert Dale SMITH
v.
KELLY LABOR SERVICE.
No. 4078.
Court of Appeal of Louisiana, Fourth Circuit.
July 6, 1970.
Rehearings Denied October 19, 1970.
Writ Refused December 14, 1970.
*686 Orlando G. Bendana, New Orleans, for Robert Dale Smith, plaintiff-appellee.
Peter H. Beer, Montgomery, Barnett, Brown & Read, New Orleans, for Kelly Labor of New Orleans, Inc., defendant, third-party plaintiff, third-party defendant, and appellee; Willis C. Bullard, Dyer, Meek, Ruegsegger & Bullard, Detroit, Mich., of counsel.
James H. Drury, Drury, Lozes & Curry, New Orleans, for the Employers' Liability Assurance Corp., Limited, defendant, third-party defendant, third-party plaintiff and appellant.
Robert N. Ryan, Bienvenu & Culver, New Orleans, for Gulf Insurance Co., third-party defendant, third-party plaintiff, appellant.
Before CHASEZ, REDMANN and DOMENGEAUX, JJ.
*687 CHASEZ, Judge.
This is a workmen's compensation suit which was instituted by Robert Dale Smith on March 25, 1968, fourteen days after an accident which occurred on March 11, 1968. The petition prayed for a judgment of $35.00 per week for four hundred weeks, plus $2,500.00 medical benefits, with penalties and attorney's fees. The suit was filed only against Kelly Labor Service. An answer was filed on April 30, 1968 by Kelly Labor of New Orleans, Inc., (Kelly) incorrectly referred to as Kelly Labor Service in the original petition. In its answer Kelly incorporated a third-party demand against its workmen's compensation insurer, The Employers' Liability Assurance Corporation, Limited (Employers). Subsequently on May 3, 1968 Smith, the original plaintiff, filed an amending and supplemental petition joining Employers as a party defendant.
Employers filed answers to plaintiffs' supplemental petition and Kelly's third-party demand on February 28, 1969. At the same time, Employers filed a third-party demand against Gulf Insurance Company, who was the workmen's compensation insurer of Tom Hicks Transfer Co. Inc., in which it was alleged that, at the time of the injury, the plaintiff Smith was doing no work for Kelly but was solely under the direction and control of Tom Hicks Transfer Co., Inc., and that, accordingly, under the provisions of LSA-R.S. 23:1061, Employers, as third-party plaintiff, was entitled to be indemnified by Gulf Insurance Company for any judgment against it in favor of plaintiff, or for amounts expended by it, including attorney's fees. Gulf Insurance Company (Gulf) answered Employers' third-party demand on August 11, 1969. Gulf also filed a third-party demand against Kelly Labor of New Orleans, Inc. on the basis of an alleged written indemnity agreement between Kelly and its (Gulf's) insured, Tom Hicks Transfer Co. Inc. (Hicks), in which Kelly agreed to hold Hicks harmless for any workmen's compensation liability and to pay Hicks for any attorney's fees.
After a trial of the merits, judgment was rendered as follows:
1). In favor of Robert Dale Smith and against defendants, Kelly Labor of New Orleans, Inc. and The Employers Assurance Corporation, Limited, jointly and in solido in the amount of $35.00 per week, not to exceed 400 weeks, with interest at 5% per annum on each weekly installment from its maturity until paid, and for the sum of $2500.00 medical expenses, subject to credits for compensation and medical expenses paid.
2). Judgment was rendered in favor of Robert Dale Smith against defendant, The Employers Liability Assurance Corporation, Limited, for 12% penalties on workmen's compensation payments of $315.00 previously paid and on any unpaid installment or payments overdue for more than 60 days, as a penalty, and the sum of $1500.00 as an attorney's fee. 3). There was judgment rendered in favor of third-party plaintiff, Kelly Labor of New Orleans, Inc. and against third-party defendant, The Employers Liability Assurance Corporation, Limited, in the sum of $1500.00 as an attorney's fee and for all costs.
4). There was judgment in favor of third-party defendant, Gulf Insurance Company against third-party plaintiff, The Employers Liability Assurance Corporation, Limited, dismissing its third-party demand at its costs.
5). There was judgment in favor of third-party plaintiff, Gulf Insurance Company against third-party defendant, Kelly Labor of New Orleans, Inc. in the amount of $1500.00 as an attorney's fee and for all costs.
6). The judgment taxed as costs $100.00 each for fees of two medical experts to be paid by defendants, The Employers Liability Assurance Corporation, Limited, and *688 Kelly Labor Service of New Orleans, Inc., in solido.
The Employers Liability Assurance Corporation, Limited appealed in the capacity of defendant, third-party defendant and third-party plaintiff from that portion of the judgment in favor of plaintiff Smith and third-party plaintiff, Kelly Labor of New Orleans, Inc., and that portion of the judgment which dismissed its third-party demand against Gulf Insurance Company.
Gulf Insurance Company appealed, seeking an increase of the award for attorney's fees from $1500.00 to $2500.00.
There is no serious question as to plaintiff being totally and permanently disabled. He was injured when he was knocked from the tractor he was driving and the wheel rolled over him, fracturing his right femur and fracturing his pelvic region in three places. Dr. Grunsten, an orthopedist, concluded that plaintiff was totally and permanently disabled from performing heavy laboring work which disability resulted from the injury sustained in the accident of March 11, 1968. Dr. Grunsten concluded that plaintiff had suffered a forty to fifty percent disability of the body as a whole. The trial court found that plaintiff was permanently disabled within the meaning of the workmen's compensation law and we adopt this finding of fact.
The next issue is, which company was Smith employed by at the time of his accident. The basis for Employers denying liability for compensation was that Smith was employed by Hicks because he was under the direction and control of Hicks' employees. However, plaintiff was hired by Kelly, he was transported to the job site by Kelly, he was paid by Kelly, who also withheld Federal and State taxes from his pay. The only record of Smith's employment kept by Hicks was a time sheet which the plaintiff brought with him to be signed by a Hicks employee at the end of each day for the purpose of verifying the number of hours worked by the employee. Kelly had the exclusive right to fire the employee. If the employer was not satisfied with the performance of the temporary employee, it would notify Kelly who would either discharge him or use him on another assignment. Kelly carried workmen's compensation insurance which was included as part of its general overhead.
We conclude that Kelly was the general employer and Hicks was the special employer of the plaintiff, Smith. This conclusion is based on the above statements that Hicks had complete control and direction over plaintiff while plaintiff was on its premises, which included the time of the accident, whereas Kelly has all the other characteristics of an employer.
The law is clear that in a situation where there is a special and a general employer, both employers are bound solidarily to the injured employee, who may recover from either or both employers. Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895 (1958). Since plaintiff sued only Kelly, he is entitled to recover from Kelly and Employers (Kelly's insurer) in solido in the amount of $35.00 per week, not to exceed 400 weeks, beginning March 12, 1968, plus $2500.00 in medical expenses, subject to compensation and medical expenses previously paid.
The main issue presented by this appeal is whether Employers (the insurer of the general employer, Kelly) is entitled to contribution from Gulf (the insurer of the special employer, Hicks) because of the employers' solidary obligation to the plaintiff.
Gulf argues that Employers is not entitled to contribution or indemnification against it because of an indemnification agreement between Kelly and Hicks in which Kelly agreed to indemnify and save harmless Tom Hicks Transfer Co., Inc., of and from any and all claims that may arise as the result of injuries sustained by Kelly employees while working for Hicks, including compensation claims, and for expenses *689 including reasonable attorneys' fees and costs of litigation.
Employers, on the other hand, argues that it was not a party to the indemnification agreement between its insured and Hicks and in fact was not even aware of its existence and, therefore should not be bound by it.
The trial court found that the present situation is governed by the recent Supreme Court decision of Maryland Casualty Co. v. Liberty Mutual Ins. Co., 254 La. 489, 224 So.2d 465 (1969) and we endorse that finding and adopt it as our own. In the Maryland Casualty case the Supreme Court held that, under LSA-C.C. 2103, an obligation between solidary co-obligors is equal, unless there is an express provision to the contrary, or it is clearly demonstrated that their interests are unequal; it creates a presumption that solidary obligors are bound to contribute to each other in equal proportions. Article 2106 of the Civil Code creates a surety relationship among co-debtors when the solidary debt is contracted in the interest of only one of the co-debtors, but recognizes that the one who urges the surety relationship has the burden of overcoming the presumption of the common interest and concern of the solidary obligors. Article 2106 becomes operative only under express provisions or contract or upon clear demonstration that the obligation is the undertaking of only one of the co-obligors. In the Maryland Casualty case the Court found no proof by express stipulation in contract or from any special circumstances that the relationship was for the benefit of one of the co-obligors. Accordingly, the Court held that neither the general employer or the special employer could claim indemnification or security from the other and allowed contribution between the co-obligors under articles 2103 and 2104.
However, in the instant case we find an express contract between Kelly and Hicks in which Kelly agreed to indemnify Hicks for all claims and expenses for bodily injury asserted by any employee of Kelly against Hicks. Thus, based on the reasoning of the Maryland Casualty case, Kelly would have no right of contribution against Hicks under 2103 and 2104, even though solidary co-obligors, but rather 2106 would be applicable in this situation.
It is Hornbook law that an insurer stands in the shoes of its insured and can assert no greater rights than those of its insured. Likewise, any defenses available to the insured are also available to the insurer. Since Kelly would have no right of contribution from Hicks, then its insurer, Employers, has no right of contribution from Hicks' insurer, Gulf. Similarly, since Hicks has a complete defense against any claims of Kelly, then Gulf, as insurer of Hicks, is entitled to urge the same defense against Employers. The argument that Employers was unaware of the indemnity agreement between Kelly and Hicks is immaterial and untenable. Mr. Ed Bajorek, who was the Assistant Regional Manager in charge of underwriting, auditing and payroll, and who testified on behalf of Employers, stated that he was aware of the policy of workmen's compensation insurance issued to Kelly which became effective in May of 1967, and was familiar with Kelly's operation. He also testified that he knew of the indemnity agreement between Kelly and Hicks at the very latest by March 1, 1968, some two weeks prior to the accident involved in this case. We therefore conclude that Employers is not entitled to contribution from Gulf and that that portion of the trial court's judgment dismissing the third-party demand filed by Employers against Gulf for contribution was correct.
With respect to penalties and attorney's fees, we agree with the trial court. In his very well reasoned opinion which we will quote at length, the trial judge held the following:
"The next issue to be decided by the Court is plaintiff's claim for penalties and attorney fees. Since both Kelly and *690 Hicks are covered by insurance, LSA-R.S. 22:658 is the applicable statute. See Poindexter v. South Coast Corporation, 204 So.2d 615 (La.App. 4th Cir. 1967). This statute provides that all insurers shall pay the amount of a claim due any employee within 60 days after receipt of satisfactory proofs of loss and failure to make such payment within 60 days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious or without probable cause, shall subject insurer to penalties and attorney fees.
"First, it should be pointed out that from the outset there was never any doubt but that plaintiff was totally and permanently disabled and that his injuries were caused in the course and scope of his employment. The only issue ever in dispute was which of his two employers were legally liable to pay the compensation benefits. The law is clear that this is not a justifiable reason to withhold benefits and force plaintiff to undergo legal expense and delay in collecting an admittedly valid claim even though each might have reasonable grounds to litigate the issue of its legal liability for compensation. See Humphreys v. Marquette Casualty Company, supra, on this point. Plaintiff was injured on March 11, 1968 and defendant insurer's failure to pay compensation until May 10, 1968 for an undoubted disability was clearly arbitrary and capricious, so as to subject it to the payment of penalties and attorney fees under LSA-R.S. 22:658. Defendant insurer contends that this statute provides for a 60 day period in which to make payment after demand and that it did in fact make payment within said period on May 10, 1968 and further that compensation was also tendered to plaintiff by Gulf during the first week of April, 1968. However, the jurisprudence is that the 60 day statutory period is waived when the defendant denies liability, since the demand and delay would be a useless formality. See Williams v. Travelers Ins. Co., 157 So.2d 356 (La.App. 3rd Cir. 1963); Stagg v. New Amsterdam Cas. Co., 166 So.2d 82 (La.App. 3rd Cir. 1964); Rhodes v. Ins. Co. of North America, 174 So.2d 195 (La.App.2d Cir. 1965); Mire v. Grigsby Brothers Inc., 191 So.2d 362 (La.App. 3rd Cir. 1966) Writ Refused. In the instant case plaintiff was seriously injured on March 11, 1968 and was taken to West Jefferson General Hospital. Employers in its letter to said hospital dated March 25, 1968 declined payment of all medical costs incurred by plaintiff as the result of the treatment of his injuries (P-32). This constituted a clear and unequivocal waiver of the 60 day statutory period. On the same day (March 25, 1968) plaintiff filed suit against Kelly in order to enforce collection of his claim for compensation. By supplemental petition filed on May 3, 1968 he added Employers as a party defendant. Employers filed its answer on February 28, 1969 in which it denied liability and indicated that previous payments of compensation did not constitute an admission of liability but had been paid by agreement only. The Court feels that this denial of liability in its answer is further reason why penalties and attorney fees should be awarded in the instant case. While it is true that compensation was being paid when the answer was filed and had been paid up to the day of the trial, this denial of liability was in effect the payment of compensation under protest of a claim of undoubted liability. It required plaintiff to go to court and thereby incur legal expense in order to prove his claim when the evidence did not reflect the slightest basis for denying plaintiff's right to compensation except for the legal dispute between the two employers as to their respective liability in the matter. This latter point could have been litigated without forcing plaintiff into the controversy. Accordingly, penalties of 12% of $315.00 and attorney fees which the Court sets at $1500.00 will be allowed.
*691 "Employers was the compensation insurer of Kelly. In said policy Employers agreed to defend its insured against all such claims as that presented by this litigation. However, Employers failed to offer Kelly a proper defense. As a matter of fact, it was necessary for Kelly to third-party Employers into the suit. Accordingly, there can be no doubt but that Kelly is entitled to recover the expenses it incurred in connection with this litigation which include attorney fees and court costs. The Court considers that $1500.00 would be reasonable attorney fees under the circumstances.
"The last remaining issue is the claim for attorney fees and court costs by Gulf under the indemnity agreement by Kelly in favor of Hicks. Said agreement clearly provides that Kelly agrees to indemnify Hicks from any claims and expenses (including reasonable attorney fees and other costs and expenses of litigation) for bodily injury asserted by an employee. Since Hicks would have been entitled to reimbursement of these expenses under this agreement, then Gulf because of the subrogation provision in its policy with Hicks would be entitled to a judgment against Kelly for these expenses. Accordingly, the Court will allow the recovery of court costs and sets reasonable attorney fees at $1500.00."
Counsel for plaintiff Smith, in briefs to this court, has asked for an increase in attorney's fees awarded to him. However, we note from the record that plaintiff did not appeal from the judgment nor did he answer the appeal to ask for an increase in attorneys' fees, therefore the issue is not properly before the court and an increase in attorneys' fees is not in order. For the same reason there will be no increase in the award to Kelly for $1500.00 attorneys' fees and all costs. Gulf has appealed from that portion of the judgment which limited recovery against Kelly to $1500.00 attorneys' fees and all costs. Our examination of the record discloses that $1500.00 as an attorneys' fee was adequate for full representation, including this appeal and an increase of the award would not be justified.
For the reasons given, it is ordered, adjudged and decreed that the judgment in favor of plaintiff, Robert Dale Smith, and against defendants, Kelly Labor of New Orleans Inc., and The Employers Liability Assurance Corporation, jointly and in solido in the full sum and compensation of $35.00 per week beginning March 12th, 1968 and continuing for the duration of plaintiff's disability, not, however to exceed 400 weeks, with interest at the rate of 5% per annum on each of the weekly installments from its maturity until paid, and the sum of $2500.00 medical expenses, subject to credits for compensation and medical expenses paid is affirmed.
It is further ordered, adjudged and decreed that the judgment in favor of plaintiff, Robert Dale Smith, and against defendant, The Employers Liability Assurance Corporation, Limited for 12% penalties on workmen's compensation payments in the sum of $315.00 previously paid and on any unpaid installment or payments overdue for more than 60 days, or which shall hereafter become overdue for more than 60 days, as a penalty, and for the further sum of $1500.00 as an attorney's fee, be and is hereby affirmed.
*692 It is further ordered, adjudged and decreed that the judgment in favor of third-party plaintiff, Kelly Labor of New Orleans, Inc. and against third-party defendant, The Employers Liability Assurance Corporation, Limited in the full sum of $1500.00 as an attorneys' fee and for all costs, be and is hereby affirmed.
It is further ordered, adjudged and decreed that the judgment in favor of third-party defendant, Gulf Insurance Company, and against third-party plaintiff, The Employers Liability Assurance Corporation, Limited, dismissing its third-party demand at its costs, be and is hereby affirmed.
It is further ordered, adjudged and decreed that the judgment in favor of third-party plaintiff, Gulf Insurance Co., and against third-party defendant, Kelly Labor of New Orleans, Inc., in the sum of $1500.00 as an attorneys' fee, and for all costs, be and is hereby affirmed.
It is further ordered that the fees of the medical expert witnesses, Dr. R. C. Grunsten and Dr. Daniel L. Moore be fixed at the sum of $100.00 each and taxed as costs to defendants, The Employers Liability Assurance Corporation, Limited, and Kelly Labor Service of New Orleans, Inc., in solido.
Costs of this appeal are assessed to Employers Liability Assurance Corporation, Limited.
Affirmed.
Rehearings denied.
PER CURIAM.
On application for rehearing, it has come to our attention that our judgment of July 6, 1970 was erroneous in that we stated that counsel for plaintiff, Robert Dale Smith, did not either appeal from the judgment rendered or answer the appeal and, therefore, his claim for an increase in attorney's fees was not properly before the court. On further examination of the record, we learn that counsel for plaintiff did answer the appeal and did ask for an increase in attorney's fees from $1500.00 to $5,000.00. However, after a careful review and re-examination of the record, we conclude that counsel for plaintiff rendered no services which would warrant an increase in his fee. This is especially true when considering that on appeal all issues concerning the plaintiff's disability were at rest and the only issue was which insurance company would be held liable for his injuries.
We therefore conclude that an increase in attorney's fees for counsel for plaintiff is not warranted and his request is therefore denied.
The judgment in all other particulars is correct and all other applications for rehearing filed by the various parties are denied.
Motions for rehearing denied.