488 P.2d 482

**L. R. HAMRICK, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Unified Steel Erectors, Respondent Employer.**

**No. 1 CA–IC 543.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 13, 1971.

Charles M. Brewer and James D. Lester, by James D. Lester, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for the Industrial Commission of Arizona.

JACOBSON, Presiding Judge.

The sole question raised by this appeal by writ of certiorari is whether petitioner was denied "his day in court" by the Industrial Commission's action in refusing to allow him to proceed against the "statutory employer" on the job where his industrial accident arose.

On February 21, 1968, petitioner sustained an industrially related injury while employed by Unified Steel Erectors.

On June 20, 1968, the Commission determined that Unified Steel Erectors did not employ three or more persons at the time of petitioner's injuries and therefore petitioner's claim against it was not covered by workmen's compensation. This determination was timely protested and supported by an affidavit to the effect that in fact Unified Steel Erectors had more than three employees and in addition the affidavit alleged that Unified Steel Erectors was a subcontractor of Youngsdale Construction Company, the general contractor on the project, and that Unified Steel Erectors received its orders, instructions and directions and was under the direct supervision and control of Youngsdale Construction Company.

Accompanying the affidavit was a letter from petitioner's counsel reciting the subcontractor relationship of Unified Steel Erectors with Youngsdale Construction Company and stating in part:

"In view of the foregoing circumstances and pursuant to A.R.S. § 23-902B, please consider this letter and the Workmen's Report of Injury, heretofore filed by the applicant, as a claim by and on behalf of the applicant against Youngsdale Construction Company * * *."

The Industrial Commission took no steps to notify Youngsdale Construction Company of the purported claim asserted against it.

On October 18, 1968, the Industrial Commission rescinded its previous award of noncompensability and on April 3, 1969 issued a new finding, *inter alia*, that petitioner had sustained a compensable injury and that Unified Steel Erectors was not insured for workmen's compensation benefits contrary to law. This award was silent as to any claim against Youngsdale Construction Company arising out of the language of A.R.S. § 23-902, subsec. B.

Petitioner subsequently moved to have the award of April 3, 1969 extended to include Youngsdale Construction Company. The Industrial Commission denied petitioner's petition on the grounds that the question of petitioner's employer was *res judicata* by the award of April 3, 1969. Petitioner exhausted his administrative remedies and sought review in this court by way of certiorari. No answering briefs have been filed in this court.

We are of the opinion that the award of the Commission denying petitioner's relief against Youngsdale Construction Company must be set aside as not affording either petitioner or Youngsdale Construction Company the opportunity to litigate the relationship between Youngsdale and Unified Steel.

 We first make the determination that the letter by counsel directed to the Industrial Commission setting forth a claim against Youngsdale Construction Company, under the auspices of A.R.S. § 23–902, subsec. B, is sufficient compliance with claim notification to the Commission that such a claim is asserted. McNatt v. Industrial Commission, 13 Ariz.App. 158, 474 P.2d 1010 (1970).

A.R.S. § 23–902 is entitled "Employers subject to chapter" and subsec. B thereof provides as follows:

> "When an employer procures work to be done for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, then such contractors *and the persons employed by him,* and his subcontractor and *persons employed by the sub-contractor,* are, within the meaning of this section, employees of the original employer." (Emphasis added.)

 The Commission was apparently under the impression that its award of April 3, 1969, finding petitioner to be an employee of Unified Steel Erectors, precluded a subsequent finding that Youngsdale Construction Company was a "statutory employer." Such a result is not justified under the express language of the statute. A.R.S. § 23–902, subsec. B specifically provides that "such contractors and the persons employed by him" shall be employees of the original contractor, if the provisions of the statute dealing with control and business are satisfied. We, therefore, hold that a determination by an award that a workman is an employee of a subcontractor does not preclude a subsequent determination that this same work-

man is an employee of the original contractor. This holding is conditioned, of course, on the fact that the issue of whether the subcontractor's employee was also an employee of the original contractor had not been litigated in the prior award proceedings. In this case, this issue has never been so litigated.

The crucial issue remaining to be resolved in this case is the relationship between Unified Steel Contractors and Youngsdale Construction Company. Both the petitioner and Youngsdale Construction Company must be given an opportunity to resolve this issue.

Having determined that a valid claim was asserted against Youngsdale Construction Company with the Commission, and having further determined that this issue is not *res judicata,* the award complained of is hereby set aside.

HAIRE and EUBANK, JJ., concur.