BLANCHE, Judge.
On or about July 2, 1973, plaintiff, Mary W. Reeves, while employed by Robert Russo d/b/a Robie’s Food Center, Franklin, Louisiana, St. Mary Parish, allegedly sustained injuries to her lower back while lifting boxes of merchandise in the course and scope of her employment.
At the time of the accident plaintiff testified that she notified the manager of the store and also a fellow employee. Plain *333 tiff continued working after the accident until July 12, 1973, at which time she consulted Dr. Walter H. Daniels of Morgan City, Louisiana, who gave her a light duty slip requiring her to do no lifting on her job. Mrs. Reeves continued to work until July 18, 1973, at which time Dr. Daniels hospitalized her because of both abdominal and lower back pains. Mrs. Reeves remained in the Fairview Hospital eight days while various tests were run. She was treated with a muscle relaxant, given analgesics for relief of pain, placed in lumbar traction, and moist hot compresses were applied three times daily to the low back area. Upon her release, Dr. Daniels felt her complaints were worse than at the time she entered the hospital. Dr. Daniels saw her again on July 31 because she continued to have upper lumbar pain. Since he felt that a consultation with an orthopedist was indicated, an appointment was made with Dr. J. Lee Leonard, an orthopedic surgeon of Lafayette, Louisiana. The patient was seen on three more occasions by Dr. Daniels: on August 8, 1973, for an examination for the Louisiana Department of Welfare, at which time a disgnosis of lumbosacral sprain was given ; again on September 13, where the doctor found she still had pain referable to the lumbar region and radiating into the thighs; and again on December 11, 1973, at which time she was complaining of lumbar pain as before. On the last visit Dr. Daniels felt she should consult another orthopedic surgeon because she was continuing to have trouble, and those complaints possibly could be referable to a herniated disc. Dr. Daniels felt that Mrs. Reeves could return to work as a cashier in a grocery store beginning after the September 13 visit. September 13 was the day Dr. Daniels consulted with the plaintiff concerning the report of the orthopedist Dr. Leonard. It was Dr. Leonard’s recommendation that she be allowed to return to work. At that time, however, Dr. Daniels recommended that she start back to work only three hours per day. Notwithstanding these recommendations, Mrs. Reeves never returned to work following her hospitalization of July 18, 1973.
On September 18, 1973, counsel for plaintiff notified defendants of his representation of Mrs. Reeves and that formal demand was made for workmen’s compensation benefits. Defendants-appellees resisted the claim on the grounds that plaintiff sustained no accident and, in the alternative, pleaded that if she had sustained an accident it did not result in disability. Subsequently, suit was filed resulting in judgment dated January 16, 1974, favoring plaintiff-appellant, finding that plaintiff had, in fact, sustained an accident on July 2, 1973, which had disabled her from that date until September 13, 1973, and awarding compensation for that period of time at the rate of $58.50 per week, together with the medical expenses incurred in connection with the injury. Plaintiff’s demand for penalties and attorney’s fees was denied. Being dissatisfied with the judgment, plaintiff-appellant has perfected this devolutive appeal.
Plaintiff contends that the trial judge committed error in failing to hold that she was totally and permanently disabled, as well as in failing to award penalties and attorney’s fees under the circumstances of this case. Defendants-appellees have not answered the appeal, asking simply that the judgment of the trial court be affirmed.
LSA-R.S. 22:658 governs payment of claims and penalties on policies other than life, health and accident and reads, in part, as follows:
“All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to *334 be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12,% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney’s fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney’s fees for the prosecution and collection of such amount. * * * ”
Suit was brought by plaintiff within sixty days of her demand for workmen’s compensation benefits, and plaintiff correctly observes that a general denial of liability during the sixty-day period following demand waives the running of the sixty-day period and, therefore, penalties and attorney’s fees may he assessed. Smith v. Kelly Labor Service, 239 So.2d 685 (La.App. 4th Cir. 1970), writ refused, 257 La. 173, 241 So.2d 531, and Stagg v. New Amsterdam Casualty Company, 166 So.2d 82 (La.App.3rd Cir. 1964). However, regardless of general denial or not by the defendant, attorney’s fees and penalties may only be assessed when there is a finding fhat such refusal to pay was arbitrary or capricious.
The trial judge did not find these requisites but stated the following in his Oral Reasons for Judgment:
“ * * * In this case the defendant questioned the plaintiff’s right to workman’s compensation urging as it has at this trial that the plaintiff did not sustain an accident and/or that the accident, if sustained, was not disabling. The Court finds that both of these questions are extremely close and that there being these very serious close questions involving the plaintiff’s right to workman’s compensation, that the defendant did not act arbitrarily or capriciously in denying the plaintiff’s claim therefor.” (Oral Reasons for Judgment, Record, p. 192)
Plaintiff also asserts that the trial judge erred in failing to hold that Mrs. Reeves was totally and permanently disabled. The trial judge in his Oral Reasons for Judgment accepted the diagnosis of two physicians and determined that as a result of the accident the plaintiff did sustain a. lumbosacral strain which was disabling. With regard to the extent of disability, he stated:
“As to the extent of the disability, the Court finds that the plaintiff’s disability lasted no longer than September 13, 1973. It was on that day that the plaintiff was advised by her local treating physician, Dr. Daniels, that she was able to resume work. It is true that Dr. Daniels indicated that she should work only three hours daily and that she should not lift heavy objects; however, the report, which was stipulated to as being what Dr. Leonard would say had he been sworn and had he testified, recommends without limitation or exception that the plaintiff, as of the date of that examination on September 10th, should continue her previous employment, which was that of check out and doing some stock work at the food center in Franklin, Louisiana. To the extent that there is a conflict between the recommendations of these two physicians, the Court accepts that of Dr. Leonard over that of Dr. Daniels, the latter being a general practitioner and the former being a specialist in the field of orthopedic surgery.” (Oral Reasons for Judgment, Record, p. 191)
It is not error for the trial judge to accept the testimony of a specialist over a general practitioner. Raby v. East Baton Rouge Parish School Board, 289 So.2d 535 (La.App. 1st Cir. 1973) writ refused, 292 So.2d 245, and Odom v. Sanders, 277 So.2d 188 (La.App. 4th Cir. 1973).
The plaintiff contends that the trial judge erred because the real basis of finding disability is the ability of the employee to work without pain. Plaintiff stresses that there is a difference between legal disability under the Workmen’s Com *335 pensation Act and strict medical disability. To bolster her position, appellant sets forth Dr. Leonard’s report of October 30, 1973, which states, in part, as follows:
“She was seen again on the 10th of September, at which time she stated she had had no improvement in her back pain and now she was having radiation into her left leg down to the ankle from the buttocks. She stated that she also had mild pain in her right leg and she stated that the left leg was going to sleep. She had done her exercises she stated but had had no relief of the pain.” (P-8, Record, p. 62)
While this Court agrees there is a difference between legal disability under the act and actual medical disability, we rely on the Louisiana Supreme Court case of Reed v. Calcasieu Paper Company, 233 La. 747, 98 So.2d 175 (1957), wherein it was held that pain means “substantial” pain. This rule was cited approvingly in Arthur v. McConnell, 286 So.2d 499 (La.App. 2nd Cir. 1973) :
“Our appellate courts have consistently held that an injured worker may be deemed totally and permanently disabled within the meaning of the compensation statute if he is unable to perform the ordinary duties of his trade or occupation without enduring substantial pain. * * * ” (286 So.2d at 502 — Emphasis supplied)
We do not consider it a plausible argument that both Drs. Daniels and Leonard would have allowed Mrs. Reeves to return to work in the face of substantial pain. In fact, Dr. Daniels testified:
“ * * * She was again seen on September 13th; at that time I had received a report [by] the orthopedic surgeon and she was felt to be able to return to work for three hours a day at that time. She still had pain referable to the lumbar area with radiation into the thighs. She had been on muscle relaxants at that time but there were of little benefit. Patient was not seen again until December 11th, 1973; at that time she was complaining of lumbar pain as before. Examination carried out revealed the lumbar area to be tender; however, there was no spasm. The patient was felt to sit and stand with ease but bended forward and recovered slowly. This would be an indication of some discomfort in the low back area or some restriction of motion. She was given a mild analgesic and has not been seen professionally since that time.” (Record, pp. 84, 85 — Emphasis supplied)
We think this testimony and also the stipulated testimony of Dr. Leonard to the effect that Mrs. Reeves could return to work establishes that Mrs. Reeves was not experiencing substantial pain as of September 13, 1973, and was, therefore, not permanently and totally disabled under the statute.
Finding error in neither law nor fact, the judgment of the trial court is affirmed, at the cost of plaintiff-appellant.
Affirmed.