701 P.2d 1222

**Elizabeth Rae NATION and Roland Nation, wife and husband, Plaintiffs-Appellants,**

v.

**Dave WEINER and Phoenix General Hospital, Inc., an Arizona corporation, Defendants-Appellees.**

**No. 1 CA–CIV 6691.**

Court of Appeals of Arizona, Division 1, Department A.

May 16, 1985.

Ely, Bettini & Ulman by Herbert L. Ely and R. Todd Lundmark, Phoenix, for plaintiffs-appellants.

Fennemore, Craig, Von Ammon, Udall & Powers, P.C. by Reed C. Tolman and Scot Butler III, Phoenix, for defendants-appellees.

## OPINION

HAIRE, Presiding Judge.

The question presented is whether the appellant Elizabeth Nation (Nation) may recover damages against Phoenix General Hospital and one of its employees for injuries allegedly caused by the hospital's negligence.

Nation, a registered nurse, was admittedly an employee of Medox, Inc. Medox was in the business of supplying Phoenix area health care facilities with medical personnel on a temporary basis. Medox had assigned Nation to work at Phoenix General for nearly two years. Nation slipped and fell while rendering nursing services at Phoenix General. Her fall caused a serious injury to her right knee and resulted in her absence from work for several months.

Following her accident, Nation filed a workers' compensation claim and received compensation benefits from Medox's workers' compensation insurer. She also filed this action against Phoenix General alleging negligence and praying for damages not covered by the workers' compensation benefits received from Medox's workers' compensation insurer. Following substantial discovery, Phoenix General filed a motion for summary judgment and Nation filed a cross-motion for partial summary judgment. The trial court granted summary judgment for Phoenix General. Nation has appealed from that decision.

There are three major issues before this court. First, whether the facts contained in the record support the trial court's summary judgment determination that Phoenix General was also Nation's employer. Second, assuming that Phoenix General was Nation's employer, is the hospital nevertheless civilly liable because it failed to comply with the statutory prerequisites for immunity from such liability? Finally, again assuming the existence of an employment relationship, should Phoenix General enjoy immunity from civil prosecution where Nation's direct employer, Medox, and not Phoenix General, has provided workers' compensation benefits to Nation.

In analyzing the employment relationship between Nation and the hospital we are guided by the Arizona Supreme Court's recent decision in *Word v. Motorola, Inc.*, 135 Ariz. 517, 662 P.2d 1024 (1983). *Word* is factually similar to this case.

"Plaintiff was assigned by his employer, Paramount Designs Systems, Inc. (Paramount) to work at Motorola, Inc. (defendant). During the course of this employment, plaintiff was injured on defendant's premises. He then filed a negligence action against defendant. Defendant claimed it was plaintiff's employ-

er and that workmen's compensation was plaintiff's exclusive remedy. The trial court granted defendant's motion for summary judgment on this issue and the court of appeals affirmed." *Word,* 135 Ariz. at 517, 662 P.2d at 1024.

The trial court in *Word* determined that as a matter of law Motorola was Word's statutory employer and therefore was immune from Word's civil action pursuant to A.R.S. § 23–906. This decision was affirmed by the court of appeals. The supreme court reversed and remanded finding that the trial and appellate court decisions were "based upon a doctrine [statutory employer, § 23–901(B) ] legally inapplicable to the facts...." *Word,* 135 Ariz. at 519, 662 P.2d at 1026. The supreme court concluded:

"The statutory employer doctrine governs only situations in which an 'employer [owner or general contractor, for example] procures work to be done for him by a contractor....' A.R.S. § 23–902(B). Here, Motorola did not procure work to be done by Paramount. It undertook to perform the work itself, through its employees, and procured plaintiff and additional temporary employees from Paramount and other labor contractors. Paramount did not 'do work' for Motorola, it merely supplied ('lent') its employees to Motorola. *The issue in this case, therefore, was not whether Motorola was a statutory employer under § 23–902(B), but whether Motorola was actually plaintiff's employer under the lent employee doctrine. See Carnes v. Industrial Commission,* 73 Ariz. 264, 240 P.2d 536 (1952)." *Word,* 135 Ariz. at 519, 662 P.2d at 1026. (Emphasis added).

■ Similarly, in this case, the statutory employer doctrine has no application.[1] As in *Word,* Medox did not "do work" for the hospital, but rather supplied ("lent") Nation to the hospital. *Word* establishes that the proper legal question is whether Phoenix General was Nation's employer by virtue of a lent employee-employer relationship.

In defining the elements of the lent employee relationship, the court in *Word* relied heavily upon A. Larson, *Workmen's Compensation Law* (1982). The court, quoting Larson with approval, stated:

"When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if

(a) the employee has made a contract of hire, express or implied, with the special employer;

(b) the work being done is essentially that of the special employer; and

(c) the special employer has the right to control the details of the work.

\* \* \* \* \* \*

*"When these factors are met, the 'special employer' becomes an 'employer' and, like other employers liable for workmen's compensation, may be entitled to the benefit of the statutory immunity given complying employers."* *Word,* 135 Ariz. at 520, 662 P.2d at 1027. (Emphasis added; footnote omitted).

■ Although the parties agree that Medox was an employer of Nation, this does not prevent Phoenix General from also being Nation's employer.[2] Arizona courts have acknowledged that an employee en-

---

**1.** The parties argued the applicability of the statutory employer doctrine extensively at trial and on appeal. *Word* has rendered these arguments moot. The lent employee doctrine was presented as an alternative argument to the trial court and was argued by the parties on appeal in light of the supreme court's decisions in *Word* and *Young v. Environmental Air Products,* 136 Ariz. 158, 665 P.2d 40 (1983).

**2.** Larson provides that "when all three [elements of the lent employee doctrine are] satisfied in relation to both employers, both employers are liable for workmen's compensation." 1C A. Larson, Workmen's Compensation Law § 48.-00 p. 8–317 (1982). Where two employers simultaneously exercise a degree of control over a worker, and that employee is simultaneously working for both employers at the time of injury, they may both be deemed employers for

gaged in a particular activity may have two separate employers. *See Hamrick v. Industrial Commission,* 15 Ariz.App. 277, 488 P.2d 482 (1971); *Butler v. Industrial Commission,* 50 Ariz. 516, 73 P.2d 703 (1937).

We now consider whether the record in this case establishes as a matter of law that Phoenix General was Nation's employer by virtue of a lent employee relationship. It is clear that Nation worked regularly at Phoenix General, and that she performed a service of a type regularly provided by the hospital. Thus the second requirement specified in *Word* is clearly satisfied. This leaves the contract for hire and control and supervision elements for consideration.

■ The control issue must be considered by evaluating the totality of the employment circumstances.[3] *Reed v. Industrial Commission,* 23 Ariz. 591, 534 P.2d 1090 (1975). This evidence should include:

> "The duration of the employment; the method of payment; who furnishes necessary equipment; the right to hire and fire; who bears responsibility for workmen's compensation insurance; the extent to which the employer may exercise control over the details of the work...." *Home Insurance Co. v. Industrial Commission,* 123 Ariz. 348, 350, 599 P.2d 801, 803 (1979).

Extensive discovery by the parties revealed the following facts. Medox hired and had the authority to fire Nation. Medox reviewed Phoenix General's performance evaluation of Nation and was in weekly contact with Nation concerning any problems she might be having with her assignment. Medox could assign and reassign Nation at will. Medox paid Nation's salary, and provided malpractice and workers' compensation insurance for her. Phoe-

nix General provided workers' compensation for its employees and required proof that such coverage was supplied by Medox before Nation was permitted to work at the hospital.

Nation worked at Phoenix General for over two years. During this time Nation would notify her hospital supervisor of her availability to be scheduled on a monthly basis. This schedule would then be turned over to Medox for formal assignment. While working at Phoenix General, Nation had to comply with the policies, rules and regulations of the hospital.

Nation was subject to the same supervision by Phoenix General's supervisors or staff physicians as were the hospital's regularly employed nurses. Phoenix General could terminate Nation's services at the hospital by requesting that Medox not reassign her, but this would not terminate her employment with Medox. Both Medox and Phoenix General exhibit several of the traditional indicia of supervision and control over Nation.

■ In considering whether the hospital had the requisite supervision and control over Nation to establish an employment relationship, it is important to note that the decisive factor is the right to supervise and control, not the exercise of that right. *Hughes v. Industrial Commission,* 113 Ariz. 517, 558 P.2d 11 (1976); *Scott v. Rhyan,* 78 Ariz. 80, 275 P.2d 891 (1954).

■ In our opinion the facts conclusively demonstrate that Phoenix General had sufficient right to supervise and control Nation to satisfy this element of an employer-employee relationship. This conclusion is primarily due to the extended time (two years) that Nation worked at Phoenix General as well as the established fact that Nation was admittedly subject to the same

---

purposes of the workers' compensation laws. *See Smith v. Kelly Labor Service,* 239 So.2d 685 (La.App.1970).

3. The facts essential for the proper disposition of this case were presented to the trial court without dispute. Summary judgment disposition by the trial court was thus proper, as only legal questions remained for determination.

direction and supervision by Phoenix General as were the staff nurses of Phoenix General with whom she worked on a daily basis.[1]

■ Finally, we consider whether there was a contract for hire between Nation and Phoenix General. As indicated in *Word,* the evidence establishing the existence of a "contract of hire" between the special employer and the employee need not be expressed. It "may be implied from the employee's acceptance of the special employer's control and direction." *Larson, supra,* § 48.10 at 8–331–332. *Word* specifically notes that although there is authority to the contrary, in cases involving labor contractors the usual rule is that employers obtaining workers from the kind of labor service typified by Manpower, Inc., have generally been held to have assumed the status of special employer. We find that Nation's submission to Phoenix General's supervision and control for over two years, clearly satisfies this requirement. Thus the three elements required by *Word* for the establishment of an employment relationship between Nation and Phoenix General clearly exist.

■ Having determined that Phoenix General was Nation's special employer, we turn to the second issue. Nation argues that assuming Phoenix General was her employer, it nevertheless should not enjoy immunity from civil liability. The immunity provision of the workers' compensation law is found in A.R.S. § 23–1022 which states that the right to workers' compensation is the "exclusive remedy" against the employer where the provisions of A.R.S. § 23–906 have been met. A.R.S. § 23–906 in turn states that only those employers who comply with the insurance requirement in A.R.S. § 23–961 and A.R.S. § 23–962, are immune from civil actions for damages. Any employer who fails to comply with the insurance coverage provisions is

not entitled to the benefits of immunity during the period of noncompliance.

Nation argues that the hospital failed to comply with A.R.S. § 23–961 which states in relevant part:

"A. Employers shall secure workmen's compensation to their employees in one of the following ways: (1) By insuring and keeping insured the payment of such compensation with the state compensation fund or an insurance carrier authorized by the director of insurance to write workmen's compensation insurance in this state."

Nation relies heavily upon statements made by the executive vice-president of Phoenix General to the effect that the hospital did not itself supply workers' compensation insurance coverage for Nation. Nation concludes that this failure to supply insurance coverage should subject the hospital to civil liability due to noncompliance with the insurance requirements. We disagree. The executive officer's legal conclusions are meaningless where the nature and extent of coverage is controlled by statute. A.R.S. § 23–963 provides that:

"Every policy of insurance covering the liability of the employer for workmen's compensation ..., shall cover the entire liability of the employer to his employees covered by the policy or contract...."

■ The record shows that Phoenix General was covered by workers' compensation from a private carrier. Had Nation filed a workers' compensation claim against Phoenix General, Phoenix General's insurance carrier would have been liable to Nation under the statute and its insurance carrier would have been responsible for compensating Nation's claim. This is so regardless of the subjective beliefs of the hospital concerning the employment status of Nation. We conclude that Phoenix General has complied with the statutory insurance requirements and therefore cannot be de-

**4.** We reject the contention that Nation's status as a licensed professional nurse precludes the

finding of an employment relationship under the facts of this case.

prived of immunity for that reason. We therefore need not consider Phoenix General's alternative contention that by contractually requiring Medox to furnish coverage, Phoenix General satisfied the statutory requirements.

■ Finally, Nation argues that since she has been compensated by Medox's insurance carrier under the workers' compensation act, the purpose of the workers' compensation law has been realized. By virtue of the coverage provided by Medox, Medox is entitled to immunity from civil liability. Thus, the question posed by Nation is whether Phoenix General, Nation's special employer, should also enjoy immunity when Nation has already received compensation from the insurance carrier of her general employer, Medox.

Nation argues that granting immunity to Phoenix General is unnecessary and indeed contravenes the purpose of the law. In enacting the workers' compensation law the legislature provided workers with coverage through their employers for all injuries occurring in the workplace, regardless of fault. In exchange for this mandatory insurance coverage, employers who comply with the provisions of the statute are granted immunity from civil liability. The workers' compensation laws were enacted primarily for the benefit of the injured employees with the benefits to the employer being of secondary importance. *Stevens v. Textron, Inc.*, 127 Ariz. 227, 619 P.2d 736 (1980). "The purpose of the act is to protect the employee rather than the employer...." *United States Fidelity and Guaranty Co. v. Industrial Commission*, 42 Ariz. 422, 430, 26 P.2d 1012, 1015 (1933). The supreme court recently stated that "the legislative objectives are furthered if the statute is liberally interpreted when imposing liability for payment of compensation benefits, *United States Fidelity and Guaranty Co., supra,* and strictly interpreted when loss of the worker's common law rights is the object for which the statute is invoked. *Basurto [v. Utah Const. &*

*Min. Co.*], 15 Ariz.App. [35] at 42, 485 P.2d [859] at 866 [1971]." *Young v. Environmental Air Products*, 136 Ariz. 158, 163, 665 P.2d 40, 45 (1983).

■ We have previously determined that Phoenix General was Nation's employer and that Phoenix General's workers' compensation insurance policy by law, provided coverage for all of the hospital's employees, including Nation. It necessarily follows that Nation had the right to recover workers' compensation benefits from Phoenix General had she applied for such benefits. Subject to exceptions not pertinent to the facts of this case, A.R.S. § 23–1022(A) provides:

> "The right to recover compensation pursuant to this chapter for injuries sustained by an employee ... is the exclusive remedy against the employer...."

We find nothing in the statute which would permit an employee to avoid this statutory grant of immunity to an employer by electing not to assert the employee's right to recover workers' compensation benefits from that employer.

■ The right to compensation and immunity is purely statutory in nature and resort must be made to the statute to determine questions of compensation and liability. *Paramount Pictures, Inc. v. Industrial Commission*, 56 Ariz. 217, 106 P.2d 1024 (1940). The statutes on this question are clear and the application of even the most liberal statutory construction cannot alter the proper interpretation of the law. We find that Phoenix General, as Nation's employer, was immune from civil liability under the exclusive remedies clause of A.R.S. § 23–1022.

The judgment entered by the trial court is affirmed.

BROOKS and GRANT, JJ., concur.