142 P.3d 1227

**Cynthia SCHWAGER, Plaintiff–Appellant,**

v.

**VHS ACQUISITION CORPORA-TION/VANGUARD HEALTH MAN-AGEMENT dba Paradise Valley Hospital, a hospital entity; Carlos Rodriguez, Defendants–Appellees.**

**No. 1 CA–CV 05–0677.**

Court of Appeals of Arizona, Division 1, Department B.

July 3, 2006.

Gage & Mathers, Ltd. by G. David Gage, Phoenix, Attorneys for Plaintiff–Appellant.

Bowman & Brooke, LLP by Vincent J. Montell, Dustin Christner, Phoenix, Attorneys for Defendants–Appellees.

**OPINION**

SNOW, Judge.

¶ 1 Cynthia Schwager appeals the superior court's grant of summary judgment to Carlos Rodriguez and VHS Acquisition Corporation/Vanguard Health Management dba Paradise Valley Hospital on her claims against them for negligence and vicarious liability. We determine that pursuant to Arizona Workers' Compensation Act (the "Act") the

hospital, and its employee Rodriguez, are immune from claims by Schwager. We thus affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶ 2 Schwager is a registered nurse and, in June 2003, was employed by InteliStaff, a company in the business of supplying medical personnel to health care facilities on a contract basis. Through InteliStaff, Schwager accepted a thirteen-week assignment to work at the hospital. She had previously completed three thirteen-week assignments there.

¶ 3 During the fourth week of her then-current assignment, Schwager completed her shift at the hospital and was leaving work for the day. She attempted to leave the building through a hallway that Rodriguez, a hospital employee, was shampooing. Schwager slipped and was injured. Schwager filed a claim with, and received benefits from, InteliStaff's workers' compensation carrier. Schwager then filed this action against the hospital and Rodriguez in superior court.

¶ 4 The hospital and Rodriguez moved for summary judgment on all of Schwager's claims pursuant to Arizona Revised Statutes ("A.R.S.") section 23–1022(A) (1995), part of Arizona's Workers' Compensation Act. The superior court granted that motion. Schwager timely appealed and we have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003). We affirm.

**DISCUSSION**

¶ 5 On appeal from summary judgment, we determine de novo whether a genuine issue of material fact exists and whether the superior court correctly applied the law. Ariz. R. Civ. P. 56(c); *Unique Equip. Co., Inc. v. TRW Vehicle Safety Sys., Inc.*, 197 Ariz. 50, 52, ¶ 5, 3 P.3d 970, 972 (App.1999).

**A. Schwager Has No Remedy Against the Hospital.**

¶ 6 It is undisputed that Schwager's injury occurred while she was leaving the hospital immediately after she completed her shift. She was using a customary means of

leaving the building and was in a location where she was reasonably expected to be in connection with her work at the hospital.

¶ 7 Generally, when an employee is injured while going to or coming from his or her place of work, the injury does not arise from his or her employment for purposes of workers' compensation. *See Pauley v. Indus. Comm'n,* 109 Ariz. 298, 300–02, 508 P.2d 1160, 1162–4 (1973) (citations omitted). When the employee is injured *on the employer's premises* while the employee is going to or coming from work, however, so long as the employee is "using the customary means of ingress and egress ... or is otherwise in a place where he may reasonably be expected to be," the employee's injury is considered to have arisen out of the employment. *Id.; see also Globe Indem. Co. v. Indus. Comm'n,* 23 Ariz.App. 109, 110–11, 530 P.2d 1142, 1143–44 (1975) (injury that occurred shortly after close of workday when employee fell while being transferred by fellow employee from secretarial chair to wheelchair arose in the course of employment and was compensable under the Act); *Gaughan v. Indus. Comm'n,* 21 Ariz.App. 137, 138, 516 P.2d 1232, 1233 (1973) (employee who left employer's premises after finishing his job and slipped on sidewalk leased by employer sustained injury arising out of and in the course and scope of his employment and was entitled to workers' compensation); *Peters v. Indus. Comm'n,* 12 Ariz.App. 555, 555–56, 473 P.2d 480, 480–81 (1970) (worker who was injured while approaching time clock ten minutes before his appointed work time sustained injury arising out of and in course of his employment within meaning of the Act).

¶ 8 In such cases the Act provides coverage to the employee but also constitutes the employee's exclusive remedy against the employer or her co-employees. A.R.S. § 23-1022(A) ("The right to recover compensation pursuant to this chapter for injuries sustained by an employee ... is the exclusive remedy against the employer or any co-employee acting in the scope of his employment.").

¶ 9 Schwager concedes that had she been a regular employee of the hospital, she would be limited to workers' compensation recovery in this case. She argues, however, that because under Arizona law she was a lent employee, she is not precluded from suing the hospital or its employees for her accident while leaving work.

¶ 10 The lent employee doctrine applies when a general employer, such as InteliStaff, lends an employee to a special employer like the hospital. In such cases, pursuant to the doctrine, the hospital also becomes liable for Schwager's workers' compensation coverage if:

(a) the employee has made a contract of hire, express or implied, with the special employer;

(b) the work being done is essentially that of the special employer; and

(c) the special employer has the right to control the details of the work.

*See Word v. Motorola, Inc.,* 135 Ariz. 517, 520, 662 P.2d 1024, 1027 (1983) (quoting 1C A. Larson, *Workmen's Compensation Law,* § 48.00 (1982)). The doctrine's basic purpose is to protect injured workers by expanding the sources from which they can claim coverage. When the doctrine applies, the worker, when injured on the job, can seek benefits from either the agency who hires out the employee, such as InteliStaff, or the employer who hired the worker, such as the hospital. If the special employer is obligated to provide workers' compensation coverage to the lent employee, the doctrine also extends immunity to the special employer from suit brought by the lent employee whether or not the employee seeks to recover benefits from the special employer. *Inmon v. Crane Rental Servs., Inc.,* 205 Ariz. 130, 133, ¶ 11, 67 P.3d 726, 729 (App.2003); *see also Nation v. Weiner,* 145 Ariz. 414, 418 n. 2, 701 P.2d 1222, 1226 n. 2 (App.1985) (citing *Smith v. Kelly Labor Serv.,* 239 So.2d 685 (La.Ct.App. 1970)). The immunity from suit is thus commensurate with the ability of the injured employee to seek workers' compensation coverage from the employer be it the general employer or the special employer.

¶ 11 Schwager concedes that while she was working at the hospital she was the hospital's lent employee. She further concedes that, had she been in the course of her workday

when the accident occurred, her sole remedy against the hospital would be provided by workers' compensation. *See, e.g., Nation,* 145 Ariz. at 414, 701 P.2d at 1222 (nurse who was assigned by medical staffing services company to work at a hospital was prohibited by the Act from bringing tort action against the hospital for damages sustained when nurse fell while rendering nursing services at the hospital).

¶ 12 Schwager argues, however, that *Nation* is distinguishable because once she was "off-duty" the hospital had no right to control her actions. This "right to control" she argues is an essential element of the lent employee doctrine, and in its absence, the lent employee doctrine does not apply; hence she was not employed by the hospital when the accident occurred and she can bring suit against it. *See Word,* 135 Ariz. at 519–20, 662 P.2d at 1026–27; *Inmon,* 205 Ariz. at 133, ¶ 10, 67 P.3d at 729.

¶ 13 In making that argument, however, Schwager ignores our cases that have consistently defined employment for purposes of workers' compensation coverage as including that period in which an employee is leaving the employer's premises after having clocked out. *See Peter Kiewit Sons' Co. v. Indus. Comm'n,* 88 Ariz. 164, 168, 354 P.2d 28, 30 (1960) (holding that claimant injured after employer terminated him and while he was waiting to collect his pay was still in the course of his employment for purposes of workers' compensation); *see also Nicholson v. Indus. Comm'n,* 76 Ariz. 105, 109, 259 P.2d 547, 550 (1953) ("Generally injuries incurred by the employee while leaving the premises[,] collecting pay or getting his clothes or tools, within a reasonable time after termination of the employment, or within the course of employment, are normally incidents of the employment relation.... The employee is deemed to be within the course of employment for a reasonable period while he winds up his affairs and leaves the premises."). Thus, even though an employee is presumably beyond the control of an employer after the end of the work day, our cases hold that while an employee is leaving the employment premises, any injury the employee suffers still arises from employment.

¶ 14 Schwager herself presumably benefited from this rule. Schwager offers no evidence that her employ at InteliStaff required that she put in additional work for InteliStaff on the day in question other than the work required by her employ at the hospital. Yet, she received workers' compensation benefits from InteliStaff presumably because, pursuant to the interpretation of the statute, she was deemed to still be in the employ of the hospital, and hence InteliStaff, while she was leaving the hospital from her day's work.

¶ 15 To the extent that Schwager contends that lent employees should not be covered for accidents while leaving the workplace whereas regular employees should be, she offers no reason why the lent employee doctrine—protecting injured workers by expanding the source from which they may claim coverage—should be so limited. The policy underlying the lent employee doctrine is not served by such an application. Therefore, Schwager's injury is deemed to have arisen out of her employment and the Act provides the employee's exclusive remedy. The hospital is thus immune from any suit brought by Schwager, and the trial court did not err in dismissing this claim.

## B. Rodriguez Is Also Immune From Schwager's Suit.

¶ 16 Arizona Revised Statutes § 23–1022(A) prevents employees who are provided with coverage under the Act from suing their co-employees for accidents arising from their employment. The Act defines "co-employee" as "every person employed by an injured employee's employer." A.R.S. § 23–901(2) (2003). Because Schwager was an employee of the hospital for purposes of the Act and Rodriguez was undisputedly an employee of the hospital, Rodriguez was therefore Schwager's "co-employee" and is immune from suit pursuant to § 23–1022(A).

¶ 17 Our decision in *Inmon* does not change this result. In *Inmon* we determined that the lent employee doctrine did not apply to the facts presented. 205 Ariz. at 133, ¶ 8, 67 P.3d at 729. In that case, CRSI, the general employer of the crane operator who caused the plaintiffs' injury, sought to dismiss the injured plaintiffs' suit against it.

*Id.* at 131–32, ¶¶ 1–3, 67 P.3d at 727–28. It did so by alleging that because its employee, the crane operator who was working on the same job site as the injured plaintiffs, was under the direction of the plaintiffs' employer, CRSI's crane operator had become the "lent employee" of the plaintiffs' employer. *Id.* at 133, ¶ 7, 67 P.3d at 729. CRSI thus argued that, because the lent employee doctrine made its employee the co-employee of the injured plaintiffs, the injured plaintiffs could not sue either it or its employee pursuant to the workers' compensation statute. *Id.* at ¶ 9.

¶ 18 We rejected that argument and held that because the injured employees had no employment relationship, either special or general, with CRSI, and CRSI had no obligation to provide the injured plaintiffs with workers' compensation coverage, the "lent employee" doctrine did not apply. *Id.* at 134, ¶¶ 13–14, 67 P.3d at 730. Thus the doctrine did not operate to make CRSI's employee the co-employee of the two injured plaintiffs. *Id.* Nor did it immunize CRSI from the plaintiffs' suit against it. *Id.*

¶ 19 After determining that the plaintiffs could bring their suit against CRSI, we then continued to analyze whether the plaintiffs could bring their suit against the crane operator who was CRSI's employee. *Id.* at 134, ¶ 15, 67 P.3d at 730. In holding that plaintiffs could bring such a suit we noted that § 23–1023(A) explicitly authorized a plaintiff "injured . . . by the negligence . . . of another not in the same employ," to "pursue his remedy against such other person" even if the plaintiff is otherwise entitled to workers' compensation benefits. *Id.* at 132–33, ¶ 7, 67 P.3d at 728–29. We thus noted that for purposes of interpreting § 23–1023(A) consistently with § 23–1022(A), the crane operator was not a co-employee of the injured plaintiffs because the "lent employee" doctrine did not apply to make them co-employees. Id. at 134, ¶ 15, 67 P.3d at 730. Thus because they were not co-employees, they were not in the same employ and plaintiffs could bring their claim against the crane operator. *Id.*

¶ 20 In this discussion we further observed, in dicta, that the crane operator was not in the "same employ" as the injured

plaintiffs for purposes of § 23–1023(A) because even assuming he was for some purposes a lent employee, he would have a general employer and a special employer whereas the injured plaintiffs would only have a general employer. *Id.* Schwager attempts to apply this observation, made pursuant to the "same employ" language in § 23–1023(A), to the term "co-employee" in § 23–1022(A). She thus argues that because she had a general employer and a special employer, she and Rodriguez could not be "co-employees" because Rodriguez only had one employer.

¶ 21 In this case, however, we need not look to A.R.S. § 23–1023(A) to determine whether Schwager can sue Rodriguez, because Schwager's claim is prohibited by § 23–1022(A). Unlike the facts in *Inmon,* here Schwager is the injured party. She had the special employment relationship with the hospital and thus the hospital would have been obliged, on Schwager's request, to provide her with workers' compensation coverage. *See Nation,* 145 Ariz. at 420, 701 P.2d at 1228.

¶ 22 Because the hospital was Schwager's special employer, for purposes of § 23–1022(A), Rodriguez was Schwager's co-employee. The Act therefore provides Schwager with her exclusive remedy against both the hospital and her co-worker, Rodriguez. To accept Schwager's argument by applying the observations made in *Inmon* concerning the "same employ" language of § 23–1023(A) to the "co-employee" language of § 23–1022(A) would create an exception to the lent employee doctrine that would swallow the entire doctrine. While it is true that Schwager and Rodriguez were not in the same employ to the extent that their employers were not identical, Rodriguez's employer was the hospital and Schwager's special employer was the hospital. Thus, they were co-employees pursuant to A.R.S. § 23–1022(A) and that statute prohibits Schwager from pursuing her claim against Rodriguez.

## CONCLUSION

¶ 23 Because Schwager was injured while leaving her place of special employment, she

may not bring suit against her special employer. Because Rodriguez was an employee of Schwager's special employer Schwager could not bring suit against Rodriguez for an accident arising in the course of her special employment. For the foregoing reasons, we affirm the superior court's grant of summary judgment in favor of the hospital and Rodriguez.

JEFFERSON L. LANKFORD, P.J., and ANN A. SCOTT TIMMER, J., concur.