■ In the Matter of DOUBLE E FOOD MARKETS, INC., Appellant, v. DANIEL BEATSON, as President of Local 378, Amalgamated Meat Cutters, et al., Respondents.— Order, entered on January 7, 1963, denying petitioner's motion to stay arbitration, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to petitioner-appellant, and a trial directed as to the issue of the existence of a contract to arbitrate binding on the petitioner. The validity of the 10-day limitation period depends upon the sufficiency of the notice of intention to arbitrate. (*Matter of Hesslein & Co.* v. *Greenfield*, 281 N. Y. 26.) The notice of intention in the instant case indicates arbitration between "said parties", that is, the parties to the January 1, 1961 agreement (to wit, Brown and Local 174), and thereby petitioner may have assumed its rights were not involved in the arbitration proceeding. Petitioner also asserts in its affidavit that Pat Genco whose claim is involved was never in its employ. The notice was insufficient to deprive the petitioner of the opportunity to show that it never entered a contract to arbitrate. (*Schafran & Finkel* v. *Lowenstein & Sons*, 280 N. Y. 164, 172.) Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ MARGARET FLORES, as Administratrix of the Estate of JOHN FLORES, Deceased, Respondent, v. CITY OF NEW YORK, Defendant, NEW YORK CITY HOUSING AUTHORITY, Respondent, and LACHOW DEMOLITION CORP., Appellant. — Judgment against defendant Lachow Demolition Corp. in favor of plaintiff Margaret Flores and defendant New York City Housing Authority on its cross complaint, so far as appealed from, unanimously affirmed, with costs to respondents. (See Administrative Code of City of New York, § C26–193.0; *Beauchamp* v. *New York City Housing Auth.*, 15 A D 2d 772; *Runkel* v. *City of New York*, 282 App. Div. 173.) Concur — Breitel, J. P., Rabin, Valente, Eager and Bergan, JJ.