■ In the Matter of the Arbitration between Karen A. Napolitano, as Administratrix of the Estate of Edward D. Judge, Deceased, Respondent, and Motor Vehicle Accident Indemnification Corporation, Appellant.— Staley, Jr., J. Appeal from an order denying a motion for a permanent stay of arbitration made by the appellant. Petitioner's decedent was injured in an automobile accident on September 19, 1964 when the motor vehicle operated by him, and owned by one Buckley, collided with a vehicle owned and operated by one Bulmer. At the time of the accident, decedent was acting in the course of his employment as a chauffeur for the owner of the motor vehicle operated by him. It is alleged that the Bulmer vehicle was uninsured at the time of the accident. As a result of his injuries the decedent was confined to the hospital from September 19, 1964 to February 12, 1965, and later confined for a period of eight days prior to his death on April 25, 1965. The decedent was totally disabled from the date of the accident to the date of death. A notice of intention to make claim was filed with MVAIC on May 26, 1965 which contained a statement that the decedent's expenses for his bodily injuries exceeded $10,000 and that, during his lifetime, he received Workmen's Compensation benefits. On November 5, 1965 the MVAIC was served with a demand for arbitration which was followed by an application for a permanent stay of arbitration which was denied by Special Term on December 17, 1965. The petitioner contends that appellant's application for a stay was untimely under CPLR 7503 (subd. [c]) since the stay application was admittedly served more than 10 days after the service of the notice of intention to arbitrate. The notice of intention to arbitrate here was served by ordinary mail. CPLR 7503 (subd. [c]) provides that a notice of intention to arbitrate "shall be served in the same manner as a summons or by registered or certified mail, return receipt requested." Before the petitioner may succeed on the issue of the existence of a statutory bar to the appellant's service of its notice to stay arbitration, she must first prove sufficient service of the notice of intention to arbitrate. Since the service of the notice of intention to arbitrate was by ordinary mail, it did not comply with the method of service required by the statute, and the 10-day limitation to move for a stay does not apply. (*Matter of Hesslein & Co.* v. *Greenfield*, 281 N. Y. 26.) The appellant contends that arbitration should not be allowed under circumstances where the award of the compensation benefits, paid to a decedent during his lifetime, for disability arising from an accident with an uninsured automobile, exceeds the sum of $10,000, the limit of liability of MVAIC under the terms of the standard endorsement. Under the terms of the standard endorsement the exclusive remedy, if any, available to the claimant is in arbitration under condition 6 of the endorsement which provides as follows: "If any person making claim hereunder and MVAIC do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and MVAIC do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitra-

tors may be entered in any court having jurisdiction thereof. Such person and MVAIC each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement." It is the responsibility of the arbitrator to consider and determine the issue of whether petitioner is legally entitled to recover damages and, in addition, to deduct any legally deductible Workmen's Compensation benefits paid for bodily injuries from the damages awarded against MVAIC. In this case, issues do exist to be determined by the arbitrator; first, the amount of damages to which petitioner is legally entitled; and, secondly, the amount of any legally deductible benefits paid to the decedent under the Workmen's Compensation Law. It thereafter is incumbent upon the arbitrator to deduct the amount of benefits found to be legally deductible from the amount of the damages. (*Matter of Durant* [*MVAIC*], 15 N Y 2d 408.) A further contention of the petitioner is that, since the workmen's compensation benefits were paid to the decedent for bodily injuries during his lifetime, the amount of such benefits should not be deducted from petitioner's cause of action for wrongful death. This issue also relates to the arbitrable question of whether or not the claimant is legally entitled to recover damages and, if so, the amount of payment and should be left to the arbitrator for determination. Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.