233 So.2d 179 (1970)
Robert E. HAMILTON, Individually and for the Use and Benefit of Transamerica Insurance Company, a Foreign Corporation Authorized to Do Business in the State of Florida, Appellant,
v.
SHELL OIL COMPANY, a Delaware Corporation Authorized to Do Business in the State of Florida, Appellee.
No. 69-391.
District Court of Appeal of Florida, Fourth District.
March 18, 1970.
*180 Charles Desmond Crowley, Fort Lauderdale, for appellant.
Kirk Sullivan, of Sullivan & Robinson, West Palm Beach, for appellee.
CROSS, Chief Judge.
Appellant-plaintiff, Robert E. Hamilton, individually and for the use and benefit of Transamerica Insurance Company, a workmen's compensation carrier, appeals a summary final judgment entered in favor of the defendant, Shell Oil Company, in an action to recover damages for Hamilton, medical and compensation benefits paid and to be paid by Transamerica Insurance Company to Hamilton. We affirm.
This is the second appearance of this cause in this court. Its initial appearance, Hamilton v. Shell Oil Co., Fla.App. 1968, 215 So.2d 21, was predicated upon a final judgment entered by the trial court entitled "Order of Dismissal" which dismissed upon defendant's motion plaintiff's amended complaint for failure to state a cause of action. We did not pass on the merits at that time, but merely reversed the judgment of the trial court and remanded the cause for leave to be granted the plaintiff to amend the complaint if he so desired. Upon remand, the plaintiff amended the complaint. Thereafter both plaintiff and defendant moved for summary judgment. Summary final judgment was entered for the defendant against the plaintiff. This appeal followed.
The facts are uncontroverted that the plaintiff, Robert E. Hamilton, was an employee of a corporation named "Manpower, Inc." This corporation functions as a personnel broker. It supplies personnel to companies which have need for workers, either on special projects or to fill in a day or so. Pursuant to a contract between Manpower, Inc., and the defendant, Shell Oil Company, Manpower, Inc., agreed to furnish personnel to perform certain functions in connection with the operation of a gas station owned and operated by the Shell Oil Company in Palm Beach County. Approximately three months prior to the happening of the accident which gave rise to this cause of action, the Plaintiff-Hamilton went to the Shell Service Station in Palm Beach County and applied for a job as a station attendant. After an interview with a local field representative for Shell, the plaintiff was hired and told by the representative what his wages, hours and duties would be. At the time that the plaintiff was hired, he was told by the Shell representative that his checks would come from Manpower, Inc.
Within a week after plaintiff was hired and went to work at defendant's service station, Manpower's agent or employee then contacted the plaintiff to sign a W-2 form (a federal income tax form). This appears to be the only contact that the plaintiff had with Manpower, Inc., with the exception that he did receive his weekly paychecks from Manpower. Plaintiff's gross wages were $105.50 per week. Manpower billed the defendant, Shell Oil Company, $156.62 per week. The difference between these two figures was Manpower's gross profit, out of which it paid unemployment compensation and workman's compensation premiums and Manpower's general overhead. The balance was Manpower's net profit.
During the period of plaintiff's employment at Shell's service station he was under the supervision of Shell's local field representative. The plaintiff received instructions from Shell's representative as to the procedures he would follow upon the delivery to the station of gasoline by tank trucks. Plaintiff was instructed to inspect the tanks of the trucks before and after gasoline was pumped from the trucks into the defendant's underground storage tanks.
*181 To inspect the tanks it was necessary for plaintiff to climb to the top of the truck. This climb was made by means of a metal ladder affixed to the truck in such a way that the metal frame of the truck became one of the rungs of the ladder. During one of these inspections, as plaintiff descended the truck ladder, his foot slipped on the metal frame which was smooth and slippery, causing him to fall and be injured.
Upon these facts the trial court determined that at the time of the occurrence of the accident the plaintiff was a "special employee of the defendant Shell." As such "special employee" of Shell he was foreclosed from bringing this action for damages under the provisions of F.S. Section 440.11, F.S.A.[1]
The only issue before this court is whether the defendant, Shell Oil Company, was an "employer" of the plaintiff within the meaning of the workmen's compensation law so as to make plaintiff's recovery under that law exclusive, thus barring this suit against the defendant, Shell Oil Company, as a third party tortfeasor. Plaintiff first argues that the trial court erred in granting the defendant's motion for summary judgment based upon a determination that the Plaintiff-Hamilton was a "special employee" of the defendant, Shell Oil Company. In essence, the plaintiff argues that a material issue of fact existed as to whether Hamilton was a "special employee" of the Shell Oil Company.
We glean from the record that the pleadings and depositions illustrate the underlying events and circumstances. These reveal that there is no dispute as to any underlying facts. Plaintiff's only contention herein is that upon the facts the defendant, Shell Oil Company, should not be labeled an "employer" within the meaning of the workmen's compensation law. This is not a question of fact for the jury to decide; it is a question of law which must ultimately be decided by the court. As such, it is appropriately decided on a motion for summary judgment where the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.
The question of law is quite clear. If Shell was the "employer" of Hamilton at the time of his injury, then Hamilton is barred by the workmen's compensation statute, F.S. Section 440.11, F.S.A. The courts of this state have applied certain tests to establish the employer-employee relationship. "Control" is a factor to be considered in determining the existence of the employer-employee relationship for the purpose of the workmen's compensation law. It is an important factor; however, it is not the only factor to consider. As illustrated in Hamilton v. Shell, supra, the main factors in considering the existence of an employer-employee relationship for the purposes of liability under the workmen's compensation law are "(1) whether or not a contract for hire, express or implied, exists between the employee and the alleged special employer, (2) whether or not the work being done at the time of the injury was essentially that of the alleged *182 special employer, and (3) whether or not the power to control the details of work being done at the time of the accident resided in the alleged special employer."
In applying these tests to the uncontroverted facts in this case, the record reveals that the contract for hire was between Shell through its representative and Hamilton. Hamilton applied to Shell for the job and the details of the employment were arranged between Shell's representative and Hamilton. As far as Hamilton was concerned, he was working for Shell. The only relationship between Hamilton and Manpower was that Hamilton signed a W-2 form for Manpower and received his paychecks through Manpower.
At the time of the occurrence of the accident, Hamilton was engaged in checking the fluid level in the tanks of a gasoline delivery truck in Shell's service station. He had been directed to make this check by Shell's representative, and was told the method and means of making the check. The work being done at the time of the injury was exclusively that of Shell. Lastly, Shell had the sole control of the manner in which Hamilton did his work. Manpower never gave Hamilton any directions concerning the details of the work being done for Shell. All of Hamilton's directions were received from Shell's representative.
Manpower as a labor broker merely provided personnel for the use of Shell Oil Company. The fees received by Manpower from Shell included payment for workmen's compensation coverage for the employees that Manpower supplied. This workmen's compensation coverage was in force and effect at the time of the accident, and in fact, Hamilton received compensation benefits. When the injury occurred, Hamilton was an employee of Shell Oil Company. It is plain that there is no third party tortfeasor. Shell was an "employer" within the contemplation of the Workmen's Compensation Act.
Accordingly, the summary final judgment entered in favor of the defendant, Shell Oil Company, and against the plaintiff, Robert E. Hamilton, individually and for the use and benefit of Transamerica Insurance Company, is affirmed.
Affirmed.
WALDEN and OWEN, JJ., concur.
NOTES
[1] F.S. 440.11, F.S.A. Exclusiveness of liability.  The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter an injured employee, or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admirality for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.