HENDRY, Judge.
Appellant-plaintiffs, Fred Cooper, III and his father, Fred Cooper, Sr., seek review of a final order dismissing with prejudice, for failure to state a cause of action, Count I of their amended complaint containing two counts. By Count I, appellants had endeavored to enforce an arbitration award. The order appealed reads, in pertinent part, as follows:
“CONSIDERED, ORDERED AND ADJUDGED that Defendant’s motion to Dismiss is and the same is hereby granted as to Count One of the Amended Complaint only. That this Court is dismissed with prejudice to the Plaintiff and the Defendant shall go hence without day, however, this shall not bar the Plaintiff from seeking any other relief against this Defendant in order to compel compliance with the terms of the policy of insurance in question.
“The Motion to Dismiss as to Count Two is and the same is hereby denied
Appellee-defendant State Farm Fire and Casualty Company isssued an insurance policy covering two automobiles to the father. The policy included uninsured motorist coverage and an arbitration provision.
According to the complaint, the son was struck, as the uninsured motorist coverage provisions defined the term, by a hit-and-run driver. Allegedly, the son was a passenger in a vehicle which was not owned by appellants.
Paragraph nine of the amended complaint stated:
“9. Defendant refused to appoint its arbitrator or to institute proceedings to enjoin arbitration, and the Plaintiffs proceeded to have their arbitrator select a third arbitrator who scheduled an arbitration hearing.”
In another paragraph, the complaint noted that the insurance policy did not provide for the possibility of a party not appointing an arbitration. The complaint further alleged that the defendant was notified by certified mail of the date of the arbitration hearing. Paragraph twelve asserted that defendant “waived” its possible defenses as to coverage or failure of plaintiff to comply with certain conditions.
The arbitrators awarded $10,000.00 to the son and $10,000.00 to the father on his derivative claim. The complaint characterizes the written policy as being two $10,000/$20,000 policies contained in one document, principally because two cars were insured.
*183 The appellants contend that the trial court erred in dismissing Count I with prejudice. The appellee insists that an ex parte arbitration award entered pursuant to an insurance policy which contains no provision for ex parte arbitration is not enforceable. The appellee contends that the arbitration award is not enforceable because the dispute was not actually submitted to arbitration, nor was consent given to arbitration by all the parties or the court, under § 682.-04, Fla.Stat., F.S.A. The appellee filed a notice of intention to rely upon Di Carlo v. State Farm Automobile Insurance Co., 82 Ill.App.2d 414, 226 N.E.2d 514, (1967).
To begin with, the trial court correctly dismissed Count I. However, the court incorrectly dismissed that count with prejudice, rather than without prejudice to the plaintiffs to file an amended count seeking to compel arbitration or for such other relief as plaintiffs may be entitled. See: Hamilton v. Shell Oil Co., Fla.App.1968, 215 So.2d 21, 24, after remand Fla.App.1970, 233 So.2d 179, 180.
Reversed and remanded with directions.