■ In the Matter of the COUNTY OF SUFFOLK, Respondent, v SUFFOLK CHAPTER, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL No. 852, Appellant. — In a proceeding to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Suffolk County (Thom, J.), dated May 27, 1981, which granted petitioner's application to vacate. Judgment reversed, on the law, without costs or disbursements, application denied and the award is reinstated. Initiation of arbitration by the particular type of notice of intent prescribed in CPLR 7503 (subd [c]) is not a prerequisite for a party wishing to stay arbitration under CPLR 7503 (subd [b]). (See *Matter of Napolitano* [*Motor Vehicle Acc. Ind. Corp.*], 26 AD2d 757; *Matter of Double E Food Markets v Beatson,* 18 AD2d 976.) Rather, the filing of the notice under subdivision (c) merely initiates a limitations period of 20 days in which a party seeking a stay must raise those grounds provided for in subdivision (b). However, filing of the notice of intent, while advisable, is not mandatory in light of the use of the permissive "may" in subdivision (c). Therefore, the arbitrator's decision, that appellant need not have filed the type of notice provided under subdivision (c), did not contravene the public policy of allowing parties opposed to arbitration to seek a stay under subdivision (b). (See *Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23, 28-29.) Mollen, P. J., Titone, O'Connor and Thompson, JJ., concur.