778 P.2d 1353

**Walter E. LINDSEY and Janice W. Lindsey, husband and wife, Plaintiffs/Appellants,**

v.

**BUCYRUS–ERIE a/k/a Becor Western, Inc., a Delaware corporation, Defendant/Appellee.**

**No. 2 CA–CV 89–0023.**

Court of Appeals of Arizona, Division 2, Department B.

April 20, 1989.

Review Denied Sept. 19, 1989.

Ranger, Martin & Associates by Edward M. Ranger and Myles B. Hassett, Scottsdale, for plaintiffs/appellants.

Browder & Kenney, P.C. by Robert W. Browder, Phoenix, for defendant/appellee.

## OPINION

LACAGNINA, Chief Judge.

Walter E. Lindsey, an employee of Manpower Temporary Services, was assigned to work for Becor Western, Inc. as a temporary laborer. After being injured on the third day of work, he applied for and received workers' compensation benefits from Manpower and sued Becor. This appeal is from summary judgment in favor of Becor based upon the lent servant doctrine providing Becor with immunity from tort liability. Lindsey argues that the existence of disputed facts and inferences surrounding his consent and other factors relating

to his status as a lent employee prevent summary judgment.

We disagree and affirm the judgment of the trial court because the undisputed material facts show consent as a matter of law and the existence of all factors essential to a finding of a lent employee relationship.

## FACTS

Lindsey was an employee of Manpower, which could assign him to work for a temporary employer as an unskilled laborer. Lindsey had the right to accept or reject any assignment, and the temporary employer had the right to accept or reject Lindsey. Manpower assigned Lindsey to work for Becor, and Lindsey accepted the assignment, as one of three Manpower employees performing work under Becor's supervision and direction. Manpower did not direct or supervise the details of the work or the method or manner in which the work was to be performed. A Becor employee directed and supervised Lindsey's work, which involved shutting down Becor's construction equipment sales business located at the accident site. While on a ladder removing bolts from a sign attached to a wall, Lindsey attempted to use a platform raised on a forklift for support when it tilted, causing him to fall to the floor. Part of the forklift apparatus fell on top of him, causing permanent injuries. Both Manpower and Becor are insured for workers' compensation and have complied with all requirements of the workers' compensation laws of the State of Arizona. Lindsey filed for and received workers' compensation benefits from Manpower's insurer.

## LENT EMPLOYEE

■ The undisputed material facts disclose a triangular relationship between Lindsey, an employee, Manpower, a labor broker-employer, and Becor, an employer. The result of this type of arrangement is one employee with two employers, both immune from tort liability for injuries received on the job. This arrangement is not unusual, and Arizona courts have recognized that an employee may have two separate employers. *Nation v. Weiner*, 145 Ariz. 414, 701 P.2d 1222 (App.1985). The usual rule in cases involving labor contractors is that the employer obtaining workers from a labor service like Manpower assumes the status of special employer and is immune from tort liability. *Word v. Motorola, Inc.*, 135 Ariz. 517, 662 P.2d 1024 (1983); *Nation v. Weiner, supra. See also Riley v. Southwest Marine, Inc.*, 203 Cal. App.3d 1242, 250 Cal.Rptr. 718 (1988).

Lindsey argues we should follow the holding of *Novenson v. Spokane Culvert & Fabricating Co.*, 91 Wash.2d 550, 588 P.2d 1174 (1979), cited in footnote 5 of the *Word* decision, as authority for a contrary rule. However, we adopt the criticism by the dissenting judges of the majority opinion on the issue of laborers provided by a labor broker.

One final observation: The majority cites no authority upholding its position on a set of facts such as this involving a labor broker, an employer and an employee. This is not remarkable in that neither the parties to this lawsuit nor independent research has revealed such authority. In contrast, there are numerous cases where summary judgment was granted in similar circumstances: *Chickachop v. Manpower, Inc.*, 84 N.J.Super. 129, 201 A.2d 90 (1964); *Daniels v. MacGregor Co.*, 2 Ohio St.2d 89, 206 N.E.2d 554 (1965); *Hamilton v. Shell Oil Co.*, 233 So.2d 179 (Fla.Dist.Ct.App. 1970); *Renfroe v. Higgins Rack Coating & Mfg. Co.*, 17 Mich.App. 259, 169 N.W.2d 326 (1969); *St. Claire v. Minnesota Harbor Serv., Inc.*, 211 F.Supp. 521 (D.Minn.1962); and *Wright v. Habco, Inc.*, 419 S.W.2d 34 (Mo.1967).

588 P.2d at 1178. In *Riley*, the employee had also been placed by Manpower, and in that case the California Court of Appeals affirmed the summary judgment ruling that the lent employee doctrine barred the injured employee from filing a tort action against the assigned employer. The court in *Riley* also cited cases from several jurisdictions where the courts had affirmed summary judgments granted in favor of

labor brokers on the lent employee doctrine.

The supreme court in *Word* also adopted with approval the factors set out by Professor A. Larson in his treatise on workers' compensation to determine when a lent employee has become the employee of the special employer for the purposes of workers' compensation liability:

(a) the employee has made a contract of hire, express or implied, with the special employer;

(b) the work being done is essentially that of the special employer; and

(c) the special employer has the right to control the details of the work.

When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workmen's compensation.

1C A. Larson, *The Law of Workman's Compensation* § 48.00 (1982). For the reasons stated below, we find the above factors present in this case.

## CONSENT AS A MATTER OF LAW

■ The consent required for establishment of an employment relationship between Lindsey and Becor can be implied from his acceptance of the assignment from Manpower and his acceptance of the control, direction and supervision by Becor for the task being performed. *Word v. Motorola, Inc., supra; Nation v. Weiner, supra.*

Lindsey argues that the three-day duration of his employment was too short a time to satisfy the implied consent factor. We disagree and hold that acceptance of the assignment from Manpower and acceptance of the direction, control and supervision by Becor, even for a short time, was sufficient to imply consent. Lindsey's agreement with Manpower gave him the right to refuse the assignment. Becor's agreement with Manpower gave it the right to refuse Lindsey as an employee. When the employee arrives at the work site and the employer directs and controls his work, the legal relationship is established as a matter of law. *Santa Cruz Poultry v. Superior Court,* 194 Cal.App.3d 575, 239 Cal.Rptr. 578 (1987); *Barger v. Ford Sales Co.,* 89 N.M. 25, 546 P.2d 873 (1976); *Wuertz v. Howard,* 77 N.M. 228, 421 P.2d 441 (1966).

## WORK OF THE SPECIAL EMPLOYER

■ Lindsey argues the dismantling of Becor's permanent fixtures as part of its closing operation was not "work essentially that of the special employer" and that an inference may be drawn from the undisputed facts preventing summary judgment. Such an inference would at best be unreasonable and illogical. The only evidence is that Becor was doing its own work by dismantling its own fixtures under the supervision of its own employee. There is no opportunity to infer that it was work for another. Lindsey confuses the test for determining a lent employee relationship with the test for determination of a statutory employer, which does require a finding that "such work is a part or process in the trade or business of the employer." *Young v. Environmental Air Products, Inc.,* 136 Ariz. 158, 161, 665 P.2d 40, 43 (1983) (quoting A.R.S. § 23–902(B)). The statutorily created employer-employee relationship is a legislative scheme by which conceded non-employees are deliberately brought within coverage of the Workers' Compensation Act and is inapplicable to the classic lent employee relationship involved here. *Young v. Environmental Air Products, supra.* The test is met by the answer to the question, "whose work was being done at the time of the accident?" *Wuertz v. Howard, supra,* 77 N.M. at 230–231, 421 P.2d at 442. The answer is Becor and no one else.

## RIGHT TO CONTROL

The parties do not dispute that from the time it accepted Lindsey as an employee, Becor controlled, directed and supervised his work. Lindsey admits he was injured while performing work assigned to him by Becor under the direction and supervision of a Becor employee. Becor was Lindsey's special employer at the time he was injured, and A.R.S. § 23–1022(A) protects Becor from a common law tort action for

injuries. The trial court correctly granted summary judgment in favor of Becor based on the existence of a lent employee relationship as a matter of law.

Affirmed.

ROLL, P.J., and FERNANDEZ, J., concur.