638 So.2d 106 (1994)
CHICAGO INSURANCE COMPANY, Appellant,
v.
Bernard TARR and Patricia Tarr, his Wife, Appellees.
No. 93-640.
District Court of Appeal of Florida, Third District.
May 24, 1994.
Rehearing Denied July 5, 1994.
*107 Fertig and Gramling and Frank R. Gramling, Fort Lauderdale, for appellant.
Brumer, Cohen, Logan, Kandell & Kaufman, Perse & Ginsberg and Arnold R. Ginsberg, Miami, for appellees.
Before HUBBART, GERSTEN and GODERICH, JJ.
PER CURIAM.
Chicago Insurance Company [Chicago] appeals from a final summary judgment entered in favor of the plaintiffs, Bernard Tarr and Patricia Tarr, and an order enforcing an ex parte arbitration award in favor of the Tarrs. We reverse.
Mr. Tarr was involved in an automobile accident which allegedly occurred when a phantom vehicle ran a stop sign. At the time of the accident, Mr. Tarr had primary uninsured motorist coverage with Travelers Insurance Company [Travelers] and excess underinsured/uninsured motorist coverage with Chicago.
The Tarrs asserted uninsured/underinsured motorist claims against Chicago and Travelers seeking arbitration. In response, Chicago denied coverage and refused to arbitrate based on its belief that, pursuant to its policy, it was not required to arbitrate. It was the Tarrs' position that Chicago was bound by Travelers' arbitration clause since Chicago's policy mandated that Chicago be bound by the "terms and conditions" of Travelers' policy.[1]
Subsequently, the Tarrs sought arbitration only against Travelers; Chicago was not made a party to the arbitration. Moreover, the Tarrs never made any efforts to compel Chicago to arbitrate. Shortly before the scheduled arbitration, Travelers settled with the Tarrs and withdrew its defense arbitrator. As a result, the arbitration was conducted ex parte. The arbitration resulted in an award of approximately $300,000.00 in favor of the Tarrs.
The Tarrs filed a second amended motion to enforce the arbitration award. The parties filed cross-motions for summary judgment. The trial court granted the Tarrs' motion for summary judgment and motion to enforce the ex parte arbitration award against Chicago. This appeal follows.
Ex parte arbitration awards will not be enforced unless the insurance policy provides for ex parte arbitration. Cooper v. State Farm Fire & Casualty Co., 266 So.2d 181 (Fla. 3d DCA 1972). In the instant case, *108 there is no doubt that neither Chicago's or Travelers' policies provided for ex parte arbitration. Instead of knowingly proceeding with an ex parte arbitration, it would have been appropriate for the Tarrs to file an application to compel arbitration with the court to resolve the dispute as to whether Chicago is obligated to submit to arbitration. See §§ 682.03, 682.17, Fla. Stat. (1991); Thomas W. Ward & Assoc., Inc. v. Spinks, 574 So.2d 169 (Fla. 4th DCA 1990), rev. denied, 583 So.2d 1037 (Fla. 1991); Cooper, 266 So.2d at 183; see also 4 Fla.Jur.2d Arbitration and Award §§ 43-50 (1994). "The trial court's role when considering applications to compel arbitration under Section 682.03, Florida Statutes (1987), is limited to determining (1) whether a valid written agreement exists containing an arbitration clause, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived." Piercy v. School Bd. of Washington County, Fla., 576 So.2d 806, 807 (Fla. 1st DCA 1991).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.[2]
NOTES
[1] Chicago's policy provided as follows: "The company agrees to pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured or underinsured automobile, in excess of the underlying limits, provided coverage hereunder for loss involving such uninsured or underinsured automobile apply only in accordance with the terms and conditions of the underlying uninsured and underinsured motorists insurance provided to the insured at the time of loss."
[2] As a result of the disposition of this case, we do not reach the remaining points raised on appeal.