NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JAMES MOORE, individually, *Plaintiff/Appellant*,

*v.*

BREWER COTE OF ARIZONA, INC., an Arizona corporation,
*Defendant/Appellee*.

No. 1 CA-CV 14-0563
FILED 6-25-2015

Appeal from the Superior Court in Maricopa County
No. CV2013-002582
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

COUNSEL

Perona, Langer, Beck, Serbin, Mendoza & Harrison, APC, Long Beach, CA
By Ellen R. Serbin

The Law Offices of Larry H. Parker, PC, Phoenix
By Kathleen McCaffrey, Kyle Packer
*Co-Counsel for Plaintiff/Appellant*

Jones, Skelton & Hochuli, PLC, Phoenix
By Edward G. Hochuli, Jonathan P. Barnes, Jr., Kenneth L. Moskow
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Maurice Portley delivered the decision of the Court, in which Judge John C. Gemmill and Judge Michael J. Brown joined.

---

**P O R T L E Y**, Judge:

¶1        James Moore appeals the summary judgment granted to Brewer Cote of Arizona, Inc. ("Brewer").  He contends the trial court erred by finding that he was a lent employee and, as a result, could not sue Brewer for his injuries, which he sustained in a single-truck accident.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Moore was a truck driver for Choice Drivers, which is a labor contractor that temporarily lends out its drivers to other companies for a fee.  Choice Drivers and Brewer had entered into a contract which provided: "[Choice Drivers] shall at all times be the General Employer of the drivers it furnishes to [Brewer] under this Labor Agreement, and [Brewer] shall be the Special Employer of said drivers."

¶3        Choice Drivers assigned Moore to Brewer on September 11, 2012, and he accepted the assignment.  Moore was injured while driving Brewer's semi-tanker truck to Payson on State Route 87 when the brakes failed, causing the truck to overturn.  He filed for and received workers' compensation benefits through Choice Drivers' insurer.  Moore then filed this negligence lawsuit against Brewer seeking damages for his injuries.

¶4        Brewer moved for summary judgment arguing that it was statutorily immune from tort liability as Moore's special employer.  The trial court granted the judgment, and Moore appealed.  We have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[1]

## DISCUSSION

¶5        In reviewing a motion for summary judgment, we determine de novo whether any genuine disputes of material fact exist and whether

---

[1] We cite the current version of the statute unless otherwise noted.

the trial court properly applied the law. *See Eller Media Co. v. City of Tucson,* 198 Ariz. 127, 130, ¶ 4, 7 P.3d 136, 139 (App. 2000). We view the facts and the inferences to be drawn from those facts in the light most favorable to the party against whom judgment was entered. *AROK Constr. Co. v. Indian Constr. Svcs.,* 174 Ariz. 291, 293, 848 P.2d 870, 872 (App. 1993). Summary judgment will be granted when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "Where the facts of employment are undisputed, . . . the existence of an employment relationship is a matter of law." *Avila v. Northrup King Co.,* 179 Ariz. 497, 505, 880 P.2d 717, 725 (App. 1994).

## I.      Lent Employee

**¶6**          Moore contends that the trial court erred in ruling, as a matter of law, that he was a lent employee. We disagree.

**¶7**          The lent employee doctrine provides that if the employee's regular employer (the general employer) temporarily lends the employee to another employer (the special employer), and the lent employee is injured on the job, then the lent employee can look for workers' compensation protection from both the general and special employer under certain conditions. *See generally Word v. Motorola, Inc.,* 135 Ariz. 517, 520, 662 P.2d 1024, 1027 (1983); *Special Fund Div./No Ins. Section v. Indus. Comm'n,* 172 Ariz. 319, 323, 836 P.2d 1029, 1033 (App. 1992); *Lee v. M & H Enterprises, Inc.,* ___ Ariz. ___, ___, ¶¶ 31-32, ___ P.3d ___, ___, 2015 WL 1813948, at *8, (Ariz. Ct. App. 2015) (discussing the lent employee doctrine). And if the special employer is obligated to provide the lent employee workers' compensation benefits, then under the workers' compensation system, A.R.S. § 23-1022(A), the lent employee loses the right to sue the special employer for negligence unless the employee has opted out of the workers' compensation system.[2] *See Word,* 135 Ariz. at 519, 662 P.2d at 1026; A.R.S. § 23-906(B).

---

[2] A.R.S. § 23-1022(A) provides:

> The right to recover compensation pursuant to this chapter for injuries sustained by an employee or for the death of an employee is the exclusive remedy against the employer or any co-employee acting in the scope of his employment, and against the employer's workers' compensation insurance

¶8          The employer receiving a lent employee will be liable for workers' compensation benefits to an injured lent employee if: (1) the special employer had the right to control the details of the employee's work; (2) the employee consented to an express or implied contract of hire with the special employer; and (3) the work being done was essentially that of the special employer. *Wiseman v. DynAir Tech of Arizona, Inc.*, 192 Ariz. 413, 415, ¶ 7, 966 P.2d 1017, 1019 (App. 1998) (citing *Word*, 135 Ariz. at 520, 662 P.2d at 1027). "When all three factors are met, the special employer is liable for workers' compensation and entitled to the benefit of the statutory tort immunity given to complying employers." *Wiseman*, 192 Ariz. at 415, ¶ 7, 966 P.2d at 1019 (citing A.R.S. § 23-1022); *see also Schwager v. VHS Acquisition Corp./Vanguard Health Mgmt.*, 213 Ariz. 414, 416, ¶ 10, 142 P.3d 1227, 1229 (App. 2006) (immunity applies "whether or not the employee seeks to recover benefits from the special employer"). Here, undisputed evidence supports the three factors to immunize Brewer from the tort lawsuit under A.R.S. § 23-1022(A).

    *A.     Right to Control the Employee's Work*

¶9          First, Brewer had the right to control Moore on the day of the accident. The Brewer—Choice Drivers contract specifically provided:

> [I]t shall be the exclusive right of [Brewer] to dispatch the aforementioned vehicles, to direct the place of loading and unloading thereof, to select routes to be traveled by the vehicles and to determine stops and deliveries to be made and the sequence thereof. While under the special employ of [Brewer], [Brewer] shall have exclusive direction and control

---

carrier or administrative service representative, except as provided by § 23-906, and except that if the injury is caused by the employer's wilful misconduct, or in the case of a co-employee by the co-employee's wilful misconduct, and the act causing the injury is the personal act of the employer, or in the case of a co-employee the personal act of the co-employee, or if the employer is a partnership, on the part of a partner, or if a corporation, on the part of an elective officer of the corporation, and the act indicates a wilful disregard of the life, limb or bodily safety of employees, the injured employee may either claim compensation or maintain an action at law for damages against the person or entity alleged to have engaged in the wilful misconduct.

of each driver supplied by [Choice Drivers], and in addition thereto, [Brewer] shall have the exclusive and absolute right to discharge any driver from the performance of services under this Agreement at any time, with or without cause, and to refuse to accept any driver from [Choice Drivers] for services to be rendered pursuant to this labor agreement.

The contract further provided, "[i]t is agreed that the drivers, although employees of [Choice Drivers] as set forth in Paragraph 4 above, shall be in the exclusive authority and control of [Brewer] during the period that such drivers are performing services on behalf of [Brewer]."

**¶10**  Brewer contractually had control of Moore during the day he was driving the truck to Payson. Although Brewer did not physically supervise or direct Moore during his pre-trip inspection, "the decisive factor is the right to supervise and control, not the exercise of that right." *Nation v. Weiner*, 145 Ariz. 414, 418, 701 P.2d 1222, 1226 (App. 1985); *see, e.g., Lee*, ___ Ariz. at ___, ¶¶ 34-36, ___ P.3d at ___ 2015 WL 1813948, at *9. Brewer had the right to control Moore's work and there is no evidence to suggest otherwise.

   B.  *Consent to a Contract of Hire*

**¶11**  Second, Moore impliedly consented to a contract of hire. "A contract of hire is implied when the employee accepts (1) the general employer's assignment to work with the special employer, and (2) control, direction and supervision by the special employer." *Avila*, 179 Ariz. at 502, 880 P.2d at 722 (citing *Lindsey v. Bucyrus-Erie*, 161 Ariz. 457, 459, 778 P.2d 1353, 1355 (App. 1989)). "Such acceptance, even for a short time, is sufficient to imply consent." *Id.*

**¶12**  Here, Moore signed Choice Drivers' policy stating that drivers "are dispatched and supervised by the customer." Moore, however, contends that there must be a clear showing of deliberate and informed consent before a court can find that a person was a lent employee. In *Avila*, we rejected the argument when we stated, "Arizona law is contrary to the [notion] that deliberate and informed consent by the employee is necessary to create a special employment relationship." 179 Ariz. at 505, 880 P.2d at 725. Rather, we stated, and have yet to reconsider, that "the requisite consent to a contract of hire . . . can be implied from the circumstances." *Id.* at 502, 880 P.2d at 722 (citing *Nation*, 145 Ariz. at 419, 701 P.2d at 1227). The evidence, as a result, shows that Moore impliedly consented to a contract of hire by accepting the assignment with Brewer. *See Avila*, 179 Ariz. at 504,

880 P.2d at 724 ("[F]or the lent employee doctrine to apply, the employee need only be aware of and consent to the facts that give rise to the lent employee relationship. [The employee] need not be aware of and consent to the legal consequences of such facts."). Moore also accepted Brewer's control and direction by driving the truck where Brewer wanted to deliver the product. As such, Moore accepted a contract of hire.

### C.     *Essence of the Work*

**¶13**      Third, Moore's work was essentially for Brewer. For this last element we ask, "who[']s[] work was being done at the time of the accident?" *Lindsey*, 161 Ariz. at 459, 778 P.2d at 1355 (internal citations and quotation marks omitted). Here, the accident happened when Moore was driving Brewer's truck to deliver its product. Consequently, Moore's work was for Brewer. *See Avila,* 179 Ariz. at 502–03, 880 P.2d at 722–23 (noting that "[t]he usual rule is that the employer obtaining workers from a labor contractor is held to assume the status of special employer"). Consequently, there is no genuine dispute of material fact that Moore was a lent employee and Brewer was his special employer, which immunized it from a negligence lawsuit under A.R.S. § 23-1022(A).

## II.    **Judicial Estoppel**

**¶14**      Moore, however, contends that the trial court erred by not applying judicial estoppel to prevent Brewer from claiming that Moore was a lent employee. Specifically, Brewer contends that the declaratory lawsuit filed by Brewer's commercial carrier after this lawsuit should preclude Brewer from claiming him as a lent employee. We disagree.

**¶15**      Brewer's commercial vehicle insurer, Alpha Property & Casualty Insurance Company, sued Brewer and Moore after Moore filed this negligence action. Alpha Property & Casualty sought a judicial declaration that Moore's accident was not covered under its insurance policy because it could otherwise be covered by workers' compensation laws.[3]

---

[3] *Alpha Prop. & Cas. Ins. Co. v. James Moore, Brewer Cote of Arizona et al.,* Case No. CV2013-008864 (Maricopa Cnty. Sup. Ct.) ("declaratory judgment action"). "An appellate court can take judicial notice of any matter of which the trial court may take judicial notice, even if the trial court was never asked to do so." *State v. McGuire*, 124 Ariz. 64, 66, 601 P.2d 1348, 1349 (App. 1978).

¶16 Judicial estoppel will only apply if "three requirements [are] met: (1) the parties must be the same, (2) the question involved must be the same, and (3) the party asserting the inconsistent position must have been successful in the prior judicial proceeding." *Bank of Am. Nat. Trust & Sav. Ass'n v. Maricopa Cnty.*, 196 Ariz. 173, 175, ¶ 7, 993 P.2d 1137, 1139 (App. 1999) (internal citations and quotation marks omitted). Here, although there is an extra party, Alpha Property & Casualty, the question involved is different. The issue in the declaratory judgment action was whether the carrier was protected by an exclusion in the commercial vehicle insurance policy. But, the issue here was whether Brewer is entitled to statutory immunity from a negligence action as a special employer. Because the questions are different, the trial court correctly rejected Moore's judicial estoppel argument.

## III.    Judicial Admission

¶17 Finally, Moore contends that the trial court erred because a genuine dispute of material fact remains because Brewer made a judicial admission that Moore was not an employee in the declaratory judgment action. We disagree.

¶18 An admission in a pleading can bind a party. The rule, however, is generally not a rule of evidence "but of pleading. When the parties have framed the issues for resolution, they may not change them absent an amendment of the pleadings or trial of the issue by consent. A party so bound is often said to have made a judicial admission." *Bank of Am. Nat. Trust & Sav. Ass'n.,* 196 Ariz. at 176, ¶ 11, 993 P.2d at 1140 (*quoting Black v. Perkins,* 163 Ariz. 292, 293, 787 P.2d 1088, 1089 (App. 1989)).

¶19 In the separate declaratory judgment action, Brewer stated in its answer that "Defendant James Moore is not an employee of [Brewer]." The statement is true; Brewer did not hire Moore as an employee, but received him as a lent employee from Choice Drivers. Moreover, the statement in the answer was not made in response to whether Moore was a lent employee, but in response to an allegation in the complaint that Moore was an employee of Brewer, as such, Brewer may be liable for Moore's injuries under workers' compensation laws. Because the statement in the answer is true in its context of the declaratory judgment action, the statement does not create a genuine dispute of material fact that undermines the analysis that Moore was a lent employee. Consequently, the trial court did not err by granting Brewer summary judgment.

**CONCLUSION**

¶20        For the foregoing reasons, we affirm the judgment.



Ruth A. Willingham · Clerk of the Court
FILED: ama