# Third District Court of Appeal

## State of Florida

Opinion filed April 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0281
Lower Tribunal Nos. 20-245 AP, 20-615 CC

_____

**UniFirst Corporation,**
Appellant,

vs.

**Stronger Collision Center, LLC,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Stephanie Silver, Judge.

The Gardner Law Firm, and John W. Gardner and Sara K. Grover (Brandon), for appellant.

Law Office of Keith Chasin, and Keith Chasin, for appellee.

Before HENDON, MILLER and BOKOR, JJ.

BOKOR, J.

UniFirst Corporation appeals the trial court's grant of Stronger Collision's motion to dismiss UniFirst's claim seeking enforcement of an arbitral award.[1]  The issue turns on whether the applicable law and the terms of the parties' contract permitted UniFirst to proceed with an ex parte arbitration after Stronger Collision elected not to participate or whether UniFirst should have first sought a court order to compel arbitration before proceeding.[2]  As explained below, under the contract's choice of New York law, we conclude that UniFirst appropriately proceeded to arbitration.

UniFirst and Stronger Collision entered into a contract with an arbitration provision and a selection of New York law.[3]  Subsequently,

---

[1] As the order on appeal not only grants a motion to dismiss but also denies the substantive relief sought by UniFirst, the plaintiff below, we have jurisdiction as an appeal of a final order.  Fla. R. App. P. 9.030(b)(1)(A); see also Hoffman v. Hall, 817 So. 2d 1057, 1058 (Fla. 1st DCA 2002) ("The traditional test for finality is whether the decree disposes of the cause on its merits leaving no questions open for judicial determination except for execution and enforcement of the decree if necessary.").

[2] We review issues of law and issues of contract interpretation de novo.  All Seasons Condo. Ass'n, Inc. v. Patrician Hotel, LLC, 274 So. 3d 438, 445 (Fla. 3d DCA 2019) ("[T]he interpretation of a contract involves a pure question of law that is subject to a *de novo* standard of review.").

[3] The arbitration provision at issue reads as follows:

> All disputes of whatever kind between Customer and UniFirst based upon past, present or future acts, whether known or unknown, and arising out of or relating to the negotiation or performance of this Agreement shall be resolved exclusively by final and binding arbitration.  The arbitration shall be conducted in the capital city of the state where Customer has its principal

UniFirst demanded arbitration, which Stronger Collision refused. UniFirst did not seek to compel arbitration. Instead, UniFirst proceeded to arbitration in Tallahassee, Florida, under the expedited procedures of the commercial arbitration rules of the American Arbitration Association (AAA), in accordance with the contract. Stronger Collision timely received notice of this proceeding, but did not participate.

After an ex parte arbitration under the expedited AAA procedures, the arbitrator issued an award in UniFirst's favor. UniFirst sought enforcement of that award in a court of competent jurisdiction in Miami-Dade County.

---

place of business (or some other location mutually agreed to by Customer and Unifirst) pursuant to the Expedited Procedures of the Commercial Arbitration Rules of the American Arbitration Association and shall be governed by the Federal Arbitration Act. Customer acknowledges that, with respect to all such disputes, it has voluntarily and knowingly waived any right it may have to a jury trial or to participate in a class action or class litigation as a representative of any other persons or as a member of any class of persons, or to consolidate its claims with those of any other persons or class of persons. If this prohibition against class litigation is ruled to be unenforceable for any reason in any proceeding, then prohibition against class litigation shall be void and of no force and effect in that proceeding. This paragraph is governed by New York Law (exclusive of choice of law). The arbitrators shall award to the substantially prevailing party, if any, as determined by the arbitrators, all of its costs and fees. "Costs and fees" are defined as all reasonable pre-award expenses of the arbitration, including the arbitrators' fees, administrative costs, travel expenses, out-of-pocket expenses, such as copying and telephone expenses, court costs, witness fees and attorney fees.

Stronger Collision contested the award, arguing, among other grounds, that UniFirst's ex parte award cannot be enforced because of the failure to first seek an order compelling arbitration. The trial court agreed, applying Florida law to conclude that the arbitration provision required UniFirst to first seek a court order compelling arbitration prior to arbitrating its dispute, ex parte, under the agreed-to arbitration rules.

This was error, as UniFirst complied with the applicable New York law and the expedited procedures under the commercial arbitration rules of the AAA as elected in the parties' contract. The parties do not dispute that the arbitration provision is "governed by New York Law" as the exclusive choice of law. Choice-of-law provisions in Florida are presumptively valid and must be enforced unless strong public policy considerations warrant invalidating a contracting party's choice to be bound by the laws of another state. See, e.g., Se. Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So. 3d 73, 80 (Fla. 2012). Further, "[w]here the language of the contract clearly indicates that AAA rules govern, they are expressly incorporated into the contract." Younessi v. Recovery Racing, LLC, 88 So. 3d 364, 365 (Fla. 4th DCA 2012).

Thus, we apply New York law and the AAA rules to determine UniFirst's entitlement to ex parte arbitration under the contract.[4]

The relevant AAA rule permits ex parte arbitration if the respondent does not reply to arbitration notices, as was the case here.[5]  New York law also provides that "[a] party aggrieved by the failure of another to arbitrate **may** apply for an order compelling arbitration."  N.Y. C.P.L.R. 7503(a) (emphasis added).  "May" is a permissive term.  Nothing in the use of the language "may apply for an order compelling arbitration" mandates that a party must apply for such an order before seeking arbitration under the

---

[4] Although we apply New York law, Stronger Collision also argues that binding caselaw from this court prohibits the enforcement of such an award obtained after ex parte arbitration.  See Chicago Ins. Co. v. Tarr, 638 So. 2d 106, 107 (Fla. 3d DCA 1994) ("Ex parte arbitration awards will not be enforced unless the insurance policy provides for ex parte arbitration.").  Stronger Collision's reliance on Tarr is misplaced.  First, the defendant in Tarr was not a party to the arbitration sought. Id. ("Chicago was not made a party to the arbitration."). Second, unlike the insurance policy in Tarr, which did not provide for ex parte arbitration, the agreement in this case clearly states that arbitration shall be governed by the commercial arbitration rules of the AAA, which do provide for ex parte arbitration.  Here, Stronger Collision was both a party to the arbitration agreement which provided for ex parte arbitration, and UniFirst specifically demanded arbitration with Stronger Collision.  UniFirst sought ex parte arbitration, as permitted under the rules, only after Stronger Collision refused the demand to arbitrate.

[5] See American Arbitration Association, Commercial Arbitration Rules and Mediation Procedures, R-31 (Oct. 1, 2013), https://adr.org/sites/default/files/Commercial%20Rules.pdf ("Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement.").

procedures agreed to by the parties. See, e.g., In re Cnty. of Suffolk v. Suffolk Chapter, Civ. Serv. Emps. Ass'n, Inc., Loc. No. 852, 86 A.D.2d 892, 892 (N.Y. App. Div. 1982) (reversing the trial court's vacation of an arbitration award and explaining that "filing of the notice of intent, while advisable, is not mandatory in light of the use of the permissive 'may'").

Here, Stronger Collision elected not to participate in the arbitration after receiving UniFirst's demand. UniFirst was, therefore, within its rights under New York law to file a demand for arbitration with the AAA without first exercising its permissive option to seek a court order compelling arbitration. The rules agreed to by the parties do not require a court order to compel arbitration and explicitly permit ex parte arbitration where not prohibited by law. Accordingly, UniFirst complied with New York law and the contractual language (incorporating AAA expedited procedures) before seeking and obtaining an arbitral award. The trial court erred in dismissing the petition to enforce the arbitral award on that basis.

Reversed and remanded.